UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SDN LIMITED and STEVEN NERAYOFF,

                Plaintiffs,

-against-

IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO,

                Defendants.

Case No. _____

---

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants IOV Labs Limited, RIF Labs Limited, and RSK Labs Limited (collectively "Rootstock"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 203, 205, and 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby remove to this Court the civil action captioned *SDN Limited v. IOV Labs Limited*, Index No. 607805/2024 (the State Court Action") from the Supreme Court of the State of New York, County of Nassau to the United States District Court for the Eastern District of New York. By removing this action, Rootstock, and undersigned counsel acting on its behalf, appear for the limited purpose of removal and expressly reserve, and do not waive any and all defenses, including, without limitation, all defenses available under the Federal Rules of Civil Procedure.[1] In support of removal, Rootstock states as follows:

---

[1] In particular, Rootstock does not waive any defenses relating to personal jurisdiction, venue, or whether the civil action should be the subject of arbitration, and does not concede that either the Supreme Court of the State of New York, County of Nassau or the United States District Court for the Eastern District of New York are the proper forum for this dispute.

**BACKGROUND**

1. On May 3, 2024, Plaintiffs SDN Limited and Steven Nerayoff filed a Summons With Notice ("Summons With Notice") in the Supreme Court of the State of New York, County of Nassau, Index No. 607805/2024. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders provided to Rootstock in the State Court Action are attached to the Appendix of Exhibits Regarding Notice of Removal of Civil Action. A copy of the docket sheet from the State Court Action is attached hereto as **Exhibit A**. A copy of the Summons With Notice filed on May 3, 2024 is attached hereto as **Exhibit B**.

2. Defendant IOV Labs Limited (f/k/a RIF Labs Limited, and n/k/a Rootstock Labs Ltd.) was served in Gibraltar pursuant to the Hague Convention on August 2, 2024.

3. Defendant RSK Labs Limited was served in the British Virgin Islands ("BVI") pursuant to the Hague Convention on August 12, 2024. Plaintiffs purported to serve RSK Labs Limited on July 26, 2024 by serving the Summons With Notice upon Raul Laprida in Tennessee, while Mr. Laprida presented at a conference. Mr. Laprida is not employed by RSK Labs Limited, which is a BVI entity. Rather, Mr. Laprida is employed by a separate Rootstock entity, Rootstock Labs UK Limited, which is a UK entity. Mr. Laprida is not a director or officer of any Rootstock entity, nor does he have management responsibilities for any Rootstock entity. Accordingly, Plaintiffs' purported service on Mr. Laprida was ineffective.

4. Plaintiffs have not yet filed a full complaint, but the Summons With Notice purports to assert three causes of action against Defendants, including fraud, aiding-and-abetting fraud, and rescission.

5. As described below, this Court has original jurisdiction over this proceeding under 28 U.S.C. § 1331 and 9 U.S.C. §§ 203 and 205 because this action involves an arbitration

agreement that is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (9 U.S.C. §§ 201-208) (the "Convention" or "New York Convention").

6. As an additional and independent ground for removal, this case is also properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## II. REMOVAL IS TIMELY

7. This notice of removal is timely under 28 U.S.C. § 1446. Section 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

8. Defendant RSK Labs Limited was properly served with the Summons With Notice on August 2, 2024, and Defendants IOV Labs Limited and RIF Labs Limited were properly served with the Summons With Notice on August 12, 2024. So, this removal is timely filed within 30 days of each Defendant's receipt of the pleading.

## GROUNDS FOR REMOVAL

## III. REMOVAL UNDER THE NEW YORK CONVENTION AND 28 U.S.C. § 1331

9. This Court has original jurisdiction of this action under the New York Convention. 9 U.S.C. § 203. The subject matter of this action relates to a certain Early Contribution Agreement entered into by SDN Limited that contains a mandatory arbitration provision that falls under the Convention.

10. Chapter 2 of the FAA, 9 U.S.C. § 202, implements the Convention by providing that any "arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered commercial, including a transaction, contract, or agreement described in [9 U.S.C. § 2], falls under the Convention." 9 U.S.C. § 202; *see* 9 U.S.C. § 2 ("Validity, irrevocability, and enforcement of agreements to arbitrate"). In order to fall under the Convention, such an agreement or award must involve a party who is not a U.S. citizen or involve property or performance abroad. 9 U.S.C. § 202.

11. Removal is proper under § 205 of the Convention any time before trial "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205. The "procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." *Id.*

      A.    **The Early Contribution Agreement Contains An Arbitration Agreement "Falling Under" The New York Convention**

12. An arbitration agreement falls under the Convention when (i) it arises out of a legal relationship; (ii) which is commercial in nature, and (iii) which is not entirely domestic in scope, meaning here that the agreement is not entirely between citizens of the United States. *Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989) (citing 9 U.S.C. § 202). Each of these elements is satisfied here.

13. *First*, the Summons With Notice asserts several causes of action against Rootstock in connection with SDN Limited's purchase of RIF tokens from RIF Labs Limited, a purchase made pursuant to the Early Contribution Agreement. Section 18 of the Early Contribution Agreement contains an agreement to arbitrate that specifically provides that any

4

"disputes, claims, suits, actions, causes of action, demands or proceedings" arising out of or in connection with the Early Contribution Agreement "shall be referred to and finally resolved by arbitration under the rules of the London Court of International Arbitration" with a seat in Gibraltar.

14. *Second*, the arbitration agreement involves a "commercial relationship" as used within the meaning of the Convention. "In the field of international arbitration, 'commercial' refers to matters or relationships, whether contractual or not, that arise out of or in connection with commerce." *Hum. v. Czech Republic-Ministry of Health*, 824 F.3d 131, 136 (D.C. Cir. 2016) (cleaned up) (interpreting the Convention) (citing Restatement (Third) of U.S. Law of Int'l Comm. Arbitration § 1–1 (2012)). Under the terms of the Early Contribution Agreement, SDN Limited contracted to purchase certain RIF Tokens from RIF Labs Limited. Compl. ¶ 9.

15. *Finally*, the parties to the Early Contribution Agreement include only foreign citizens—namely SDN Limited, which is a Cayman Islands entity, and RIF Labs Limited, a Gibraltar entity. Both the United States and Gibraltar are signatories to the Convention and the arbitration agreement provides for arbitration in a signatory country, namely, Gibraltar.

  **B.** **This Action "Relates To" The Arbitration Agreement In The Early Contribution Agreement**

16. The subject matter of an action "relates to" an arbitration agreement under the Convention, within the meaning of 9 U.S.C. § 205, whenever "an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011) (citing *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002)). Section 205 thus provides for "sweeping removal jurisdiction." *Id.*

17. Here, although a full complaint has not yet been filed, the action plainly "relates to" the arbitration agreement in the Early Contribution Agreement. The Summons With Notices asserts that the action relates to SDN Limited's purchase of RIF tokens, which purchase was made exclusively via the Early Contribution Agreement.

18. Accordingly, this Court has original jurisdiction over this matter pursuant to Chapter 2 of the FAA, which provides that a "proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States" for which federal courts "shall have original jurisdiction." 9 U.S.C. § 203.

### IV.  REMOVAL UNDER 28 U.S.C. § 1332 AND 1441

19. As a separate and independent basis for removal, this action is properly removed because there is complete diversity among the parties and the damages asserted exceed the amount in controversy threshold.

#### A. Complete Diversity Of Citizenship

20. Steven Nerayoff is an individual residing in New York.

21. While the Summons With Notice is silent as to SDN Limited's citizenship, prior to entering into the Early Contribution Agreement, SDN Limited was required to complete a Know Your Customer ("KYC") form, in which SDN Limited indicated it is a company incorporated under the laws of the Cayman Islands.

22. IOV Labs Limited and RIF Labs Limited, are prior names for an entity now known as Rootstock Labs Limited. Rootstock Labs Limited is a company incorporated under the laws of Gibraltar, with a principal place of business in Gibraltar.

23. RSK Labs Limited is a company incorporated under the laws of the BVI, with a principal place of business in the BVI.

24. Diego Gutierrez Zaldivar (who has not yet been served) is a citizen and resident of Argentina.

25. Alejandro Maria Aberg Cobo (who has not yet been served) is a citizen of Argentina and resident of Uruguay.

### B. The Amount In Controversy Requirement Is Met

26. This Court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages the plaintiff suffered are greater than $75,000.

27. Plaintiffs seek a rescission award or, in the alternative, "an amount of monetary damages at the date of judgment not less than $100 million, plus interest, and the costs and disbursements of this action as the Court may award." Summons With Notice at 2. Rescissory damages are properly included in the amount-in-controversy calculation. *See, e.g.*, *Long v. Aurora Bank, FSB*, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012) (including, as part of amount in controversy, the value of the contract that plaintiff was seeking to rescind); *accord Diaz v. Carmax Auto Superstores California, LLC*, 2015 WL 3756369, at *3 (E.D. Cal. June 16, 2015), *report and recommendation adopted*, 2015 WL 4138995 (E.D. Cal. July 8, 2015) ("In actions for rescission, Courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination.").

28. The relief requested in the Summons With Notice thus exceeds the $75,000 threshold amount for removal jurisdiction.

### V. OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

29. The United States District Court for the Eastern District of New York embraces Nassau County, the county in which the State Court Action is currently pending. Therefore, this

7

action is properly removed to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 105(a)(1) and 1441(a).

30. Rootstock will serve this Notice and Appendix on Plaintiffs and shall file a Notice of Filing of Notice of Removal with the Supreme Court of the State of New York, County of Nassau.

31. Pursuant to 28 U.S.C. § 1446(a), Rootstock attaches to this Notice true and correct copies of all process, pleadings, and orders in the State Court Action. *See* Exhibits A-M.

\*   \*   \*

Accordingly, Rootstock respectfully removes this action to the United States District Court for the Eastern District of New York.

Dated: New York, New York
August 30, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   /s/ Michael B. Carlinsky
Michael B. Carlinsky
Mario O. Gazzola
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
michaelcarlinsky@quinnemanuel.com
mariogazzola@quinnemanuel.com
212-849-7000

*Attorneys for Defendants IOV Labs Limited, RIF Labs Limited, and RSK Labs Limited*