# EXHIBIT J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

SDN LIMITED and STEVEN NERAYOFF,

                    Plaintiffs,

         v.

IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO,

                    Defendants.

---

Index No. 607805/2024

**Motion Sequence No. 1**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THE TIME TO COMPLETE SERVICE OF PROCESS

LOEB & LOEB LLP
John A. Piskora
David A. Forrest
345 Park Avenue
New York, NY 10154
(212) 407-4082

*Attorneys for Plaintiffs*
*SDN Limited and Steven Nerayoff*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

    Overview of the Dispute ................................................................................................ 2

    The Foreign Defendants and the Status of Service of Process ..................................... 2

        1.    Conventional Service and Hague Convention Service by Mail ................. 3

        2.    The Status of Formal Hague Convention Service ....................................... 3

        3.    The Status of Service Upon Defendant Cobo .............................................. 3

ARGUMENT ............................................................................................................................ 4

    I.    The Court Should Enlarge Plaintiffs' Time to Serve the Foreign Defendants ............................................................................................................ 4

        A.    Plaintiffs Have Established Good Cause ..................................................... 4

        B.    An Extension of Time Would Serve the Interests of Justice ....................... 5

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bumpus v. N.Y.C. Transit Auth.*,
   66 A.D.3d 26 (2d Dep't 2009) ..................................................................................4, 5

*Kulpa v. Jackson*,
   3 Misc. 3d 227 (Sup. Ct. Oneida Cty. 2004) ..................................................................4

*Leader v. Maroney*,
   97 N.Y.2d 95 (2001) ........................................................................................................5

*Paolicelli v. Soc'y of the Cath. Apgstolate-Queen of the Apostles Province*,
   No. 61049/2021, 2022 N.Y. Misc. LEXIS 45244
   (Sup. Ct. Nassau Cty. Mar. 23, 2022) .............................................................................5

**Other Authorities**

CPLR § 306-b ........................................................................................................................4

Plaintiffs SDN Limited ("SDN") and Steven Nerayoff respectfully submit this memorandum of law in support of their motion, pursuant to CPLR 306-b, for the entry of an Order enlarging the time for service upon the foreign Defendants IOV Labs Limited, RIF Labs Limited, RSK Labs Limited, Diego Gutierrez Zaldivar, and Alejandro Maria Aberg Cobo a/k/a Alex Cobo.

## PRELIMINARY STATEMENT

Plaintiffs commenced this action seeking damages and rescission arising from Defendants' fraud in connection with the offering and sale of RIF tokens (a digital token). Defendants are a number of related foreign entities, as well as their principals (foreign residents). Notwithstanding Plaintiffs' service of process upon certain Defendants (via Hague Convention service by mail and separate service upon an officer/director), no Defendant has yet appeared in the action.

By this motion, Plaintiffs respectfully request that the Court enter an Order extending the period for Plaintiff to complete service of process by an additional 120 days. Notwithstanding Plaintiffs' diligent service efforts, such additional time is necessary: (1) to complete "formal" Hague Convention service via designated foreign Central Authorities upon certain Defendants; and (2) to complete personal service upon Defendant Cobo (a resident of Uruguay, a non-signatory to the Hague Convention).

As detailed below, courts routinely extend the time for plaintiffs to complete service of process where, as here, such service is being made via the Hague Convention. Separately, extensions of time for service are proper under the "good cause" and "interest of justice" standards where, as here, Plaintiffs have been diligent in their service efforts.

Accordingly, the Court should grant Plaintiffs an additional 120 days to complete service of process pursuant to CPLR 306-b.

# STATEMENT OF FACTS[1]

## Overview of the Dispute

Plaintiffs commenced this action for fraud, aiding-and-abetting fraud, and rescission arising from Defendants' material misrepresentations made in connection with the offering and sale of RIF tokens (a digital token). *See* [NYSCEF Doc. No. 1](). More specifically, at various meetings with Plaintiffs, Defendants falsely represented that Defendants' RIF blockchain was a second-layer blockchain solution that would provide Ethereum-style smart contract capabilities and other functionality to the Bitcoin blockchain. At the time Defendants made these representations, upon which Plaintiffs reasonably relied, Defendants knew that the RIF blockchain had no such functionality, nor had any such functionality been developed by Defendants. Following the launch of the RIF blockchain, Defendants' fraud was revealed and the value of Plaintiffs' investments declined over 99%.

## The Foreign Defendants and the Status of Service of Process

All Defendants in this action reside outside of the United States and are residents of Gibraltar (IOV Labs and RIF Labs), the British Virgin Islands (RSK Labs), Argentina (Mr. Zaldivar), and Uruguay (Mr. Cobo). Apart from Defendant Cobo, service upon the remaining Defendants must be made pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), or other conventional means pursuant to the CPLR.

---

[1] The exhibits cited herein are attached to the accompanying affirmation of John A. Piskora ("Piskora Aff.").

1. **Conventional Service and Hague Convention Service by Mail**

The Hague Convention generally provides for service in signatory countries via a request for service made to that country's central authority ("Formal Hague Convention Service"). Signatory countries may also authorize direct service upon a defendant by mail.

In compliance with the Hague Convention, Plaintiffs have served IOV Labs, RIF Labs, and RSK Labs by mail. See [NYSCEF Doc. Nos. 3](#)-[4](#). Separately, on July 26, 2024, Plaintiffs effectuated service upon RSK Labs through Raul Laprida, an officer and/or director of the company. See [NYSCEF Doc. No. 2](#).

2. **The Status of Formal Hague Convention Service**

In addition to the foregoing, and in an abundance of caution in certain instances, Plaintiffs have also undertaken Formal Hague Convention Service via service requests to applicable Central Authorities with respect to the corporate Defendants. Defendant Zaldivar, a resident of Argentina, must similarly be served by Formal Hague Convention Service, and Plaintiffs have initiated that service. More specifically, Plaintiffs sent completed USM-94 Requests for Service Abroad of Judicial or Extrajudicial Documents, with copies of the case initiation documents, upon the central authorities for Gibraltar, the British Virgin Islands, and Argentina. Although these service documents were delivered to the applicable Central Authorities for these countries in July 2024, we have been informed that the completion of service by the Central Authorities and delivery of proof of service may take up to an additional 120 days. See Piskora Aff. at ¶ 7; Ex. 1.

3. **The Status of Service Upon Defendant Cobo**

Upon information and belief, Defendant Cobo is a resident of Uruguay. Uruguay is not a signatory to the Hague Convention. Plaintiffs unsuccessfully attempted to serve Mr. Cobo in

3

Florida. Now, Plaintiffs are undertaking to serve Mr. Cobo personally in Uruguay. *See* Piskora Aff. at ¶ 8; Ex. 2 (Aff. of Non-service).

## ARGUMENT

**I.　　The Court Should Enlarge Plaintiffs' Time to Serve the Foreign Defendants**

Absent leave of Court, plaintiffs have 120 days from the commencement of an action to complete service of a summons and complaint or summons with notice. CPLR § 306-b. "The 120-day service provision of CPLR 306-b can be extended by a court, upon motion, 'upon good cause shown or in the interest of justice,'" which are "two separate and independent statutory standards." *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 31 (2d Dep't 2009) (quoting CPLR 306-b)). Here, an extension of time to complete the Formal Hague Convention Service and separate personal service upon Defendant Cabo in Uruguay is warranted because Plaintiffs have satisfied both the good cause and the interest of justice standards.

**A.　　Plaintiffs Have Established Good Cause**

To establish "good cause" a plaintiff need only demonstrate "reasonable diligence in attempting service." *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d at 31. In addition, "good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control." *Id.* at 32. Courts routinely find that the difficulty associated with effecting service upon a party located outside to the United States pursuant to the Hague Convention constitutes "good cause" for extending the 120 day service provision of CPLR §306-b. *See, e.g., Kulpa v. Jackson*, 3 Misc. 3d 227, 236 (Sup. Ct. Oneida Cty. 2004) ("In situations involving service under the Hague Convention the treaty mandates the delegation of the duty and actuality of service to a foreign sovereign over whom the litigant, definitionally, has absolutely no control. All that an attorney can do regarding service pursuant to the Hague Convention is follow the proper procedures to cast his client on the tender mercies of a foreign

sovereign which may or may not have much interest in effecting the involvement of its citizens in litigation in the United States. Once the papers have been successfully delivered to the sovereign, the domestic litigant's counsel has done all she can, and if additional months--or years--are required to let the sovereign work his will, so be it, and courts should routinely correspondingly extend the time provided to complete the task of achieving proper service under the Hague Convention.") *accord Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d at 31); *Paolicelli v. Soc'y of the Cath. Apgstolate-Queen of the Apostles Province*, No. 61049/2021, 2022 N.Y. Misc. LEXIS 45244, at *3 (Sup. Ct. Nassau Cty. Mar. 23, 2022) (granting extension of time to complete service pursuant to Hague convention). Plaintiffs have undertaken diligent service efforts here.

The foregoing cases apply with equal force here, and the Court should grant Plaintiffs an additional 120 days to complete service of process upon all of the foreign Defendants.

    **B.**    **An Extension of Time Would Serve the Interests of Justice**

Separately and independently, an extension of time to complete service is in the interests of justice. Under the "interest of justice" standard, plaintiff need not establish reasonably diligent efforts at service as a threshold matter." *Leader v. Maroney*, 97 N.Y.2d 95, 105 (2001). Instead, the court may consider:

> diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant...No one factor is determinative - the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served.

*Id.* at 105-06.

Here, Plaintiffs have alleged a meritorious claims. Plaintiffs have not delayed, but have rather acted diligently in their service efforts. Further, Defendants will not be prejudiced by an extension of time for further service efforts because Plaintiffs have already effected service by

5

mail in accordance with the Hague Convention and, thus, Defendants are surely on notice of Plaintiffs' action.

Accordingly, the Court should grant Plaintiffs an additional 120 days to complete service of process upon all of the foreign Defendants in the interest of justice.

## CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully submit that the Court should grant their motion and enter and Order extending the time for Plaintiffs to complete service for an additional 120 days, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 21, 2024

LOEB & LOEB LLP

By: */s/ John A. Piskora*
John A. Piskora
David A. Forrest
345 Park Avenue
New York, NY 10154
(212) 407-4000
jpiskora@loeb.com
dforrest@loeb.com

*Attorneys for Plaintiffs*
*SDN Limited and Steven Nerayoff*

**Certificate of Compliance with Rule 17 of 22 N.Y.C.R.R. 202.70(g)**

I hereby certify that the number of words in the foregoing memorandum of law, according to the word count of the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of authorities, signature block and this certificate of compliance, is 1,546.

Dated: New York, New York
August 21, 2024

*/s/ John A. Piskora*
JOHN A. PISKORA

239497117