**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
michaelcarlinsky@quinnemanuel.com

September 20, 2024

VIA ECF

Judge Joan M. Azrack
Magistrate Judge Anne Y. Shields
100 Federal Plaza
Central Islip, NY 11722

Re:   *SDN Limited v. IOV Labs Limited*, Case No. 2:24-cv-06089

Dear Your Honors:

We write on behalf of Defendants IOV Labs Limited, RIF Labs Limited, and RSK Labs Limited (collectively, the "**Rootstock Defendants**") pursuant to Magistrate Judge Anne Y. Shield's Individual Practice Rules. The Rootstock Defendants seek an adjournment of the September 30, 2024 Initial Conference until 30 days after Plaintiffs file a full Complaint in place of Plaintiffs' Summons With Notice (Dkt. 1-2). Rootstock seeks an adjournment of the initial conference because Plaintiffs have missed their deadline pursuant to CPLR 3012(b) to file a Complaint in this action, thus making it impossible for Defendants to hold a Rule 26(f) meeting because Defendants do not know the particulars of Plaintiffs' claims. Additionally, Plaintiffs' have failed to serve two of four[1] defendants. A pretrial conference to discuss discovery of purported claims subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards prior to the Rootstock Defendants knowing the full nature of the purported claims against them is thus premature. An Initial Conference would be particularly premature here, where (1) Plaintiffs appear to have commenced this action in breach of an arbitration agreement; and (2) the Rootstock Defendants believe they have grounds to seek (i) an anti-suit injunction in Gibraltar in favor of arbitration and costs for Plaintiffs' breach of the arbitration agreement, and (ii) dismissal of the present action for lack of personal jurisdiction, or, at a minimum, a stay of the present action pending resolution of the arbitration. But before the Rootstock Defendants can seek such relief, Plaintiffs must set forth their full allegations.

Accordingly, by seeking this adjournment, the Rootstock Defendants, and counsel acting on its behalf do not waive any and all defenses, including, without limitation, all defenses available

---

[1] While Plaintiffs named five defendants, IOV Labs Limited and RIF Labs Limited are both former names for the same entity now known as Rootstock Labs Limited.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

under the Federal Rules of Civil Procedure, and do not submit to jurisdiction. In particular, the Rootstock Defendants do not waive any defenses relating to personal jurisdiction, venue, or arbitrability, and do not concede that the United States District Court for the Eastern District of New York is the proper forum for this dispute. This is Rootstock's first request for an adjournment. Plaintiffs do not consent to the request.

**Background**

This case is in a unique procedural posture due to the contrast between New York state procedural rules under the New York Civil Practice Law and Rules ("CPLR"), and the Federal Rules of Civil Procedure. Plaintiffs initiated this case by filing a Summons With Notice in lieu of Complaint pursuant to CPLR 305(b) over four months ago, on May 3, 2024. *See* Dkt. 1-2. Plaintiffs' decision to file a Summons With Notice appears to have been tactical, rather than due to Plaintiffs' lack of time or inability to file a full Complaint. Indeed, Plaintiffs made no request for pre-action discovery in New York Supreme Court under CPLR 3201, and on July 17, 2024, Plaintiffs' counsel sent a letter to Defendants' Gibraltar counsel further outlining Plaintiffs' purported claims and threatening to file a formal complaint if the parties did not reach a "negotiated settlement"[2]—suggesting that Plaintiffs believed over two months ago that they already had everything they required in order to fully set forth their claims. Ex. A at 1 (July 17, 2024 Ltr. From J. Piskora to J. Montado).

The Rootstock Defendants were not properly served with the Summons With Notice until August 2 and August 12, 2024. Dkt. 1 ¶ 8. The remaining two defendants—Diego Gutierrez Zaldivar and Alejandro Maria Aberg Cobo—have not yet been served. All four Defendants are foreign citizens with no connection to New York. Thus, even without a full Complaint, the Summons With Notice and Plaintiffs' July 17, 2024 Letter made clear that this case is removable (1) under the New York Convention and 28 U.S.C. § 1331 because it relates to a transaction governed by an international arbitration agreement, and (2) under 28 U.S.C. § 1332 because there is complete diversity between the parties. *See* Dkt. 1 ¶¶ 9-28. Accordingly, on August 29, 2024, the Rootstock Defendants sent Plaintiffs' counsel a letter placing Plaintiffs on notice of their breach of the parties' arbitration agreement, and asking Plaintiffs to explain the basis on which they contend their purported claims are not in breach of such agreement. Ex. B (August 29, 2024 Ltr. From M. Carlinsky to J. Piskora).

Subsequently, on August 30, 2024, the Rootstock Defendants removed the Summons With Notice. *See e.g. Glob. Merch. Cash, Inc. v. Builder's Innovation Grp.*, No. 23-CV-3308-LDH-SJB, 2023 WL 10950843, at *2 (E.D.N.Y. Dec. 5, 2023), *report and recommendation adopted*, No. 23CV3308LDHSJB, 2024 WL 1327316 (E.D.N.Y. Mar. 27, 2024) (determining a Summons with Notice is sufficient to trigger the 30-day removal clock under 28 U.S.C. § 1446(b)(1)). On August 30, 2024, directly after removal but before a judge was assigned to the case, Rootstock demanded that Plaintiffs file a full Compliant by September 19, 2024, pursuant to CPLR 3012(b). Dkt. 8. On September 3, 2024, Plaintiffs' counsel responded to the Rootstock Defendants' August 29, 2024 letter, demanding "copies of any agreements between your clients and either Steven

---

[2] Plaintiff Nerayoff appears to be no stranger to making shakedown demands of cryptocurrency companies. *See* Press Release, U.S. Attorney's Office for the Eastern District of New York, *Two Arrested for Extortion of Startup Cryptocurrency Company* (Sept. 18, 2019), available at https://www.justice.gov/usao-edny/pr/two-arrested-extortion-startup-cryptocurrency-company.

Nerayoff or SDN Limited." Ex. C at 1. (August 22, 2024 through September 16, 2024 Email chain between counsel for Plaintiffs and counsel for the Rootstock Defendants).

On September 10, 2024, the Court issued an Order scheduling an Initial Conference for September 30, 2024. Dkt. 12. On September 11, 2024, Rootstock reached out to Plaintiffs' counsel and requested that Plaintiffs confirm that they would file a full complaint by September 19, 2024 as required by CPLR 3012(b), and asked whether Plaintiffs would consent to an adjournment of the Initial Conference. Ex. D at 2 (Email chain between counsel for Plaintiffs and counsel for the Rootstock Defendants).

On September 16, 2024, counsel to the Rootstock Defendants responded to Plaintiffs' request for the relevant agreements, expressing concern that Plaintiffs' counsel's request for the agreements suggests that counsel did not conduct a sufficient investigation under Rule 11 or review the governing agreements prior to initiating a case. Ex. C at 1.

On September 17, 2024, counsel for Plaintiffs responded to the Rootstock Defendants' request for adjournment to state that Plaintiffs would not consent to adjourning the Initial Conference, and refused to confirm whether Plaintiffs would file a complaint by September 19, 2024 or any other date. Ex. D at 1. Plaintiffs' rationale for refusing to consent to an adjournment included multiple reasons why an Initial Conference would be "helpful," including that the Court could "set a time for Plaintiffs to file their complaint at the conference," and that "the parties can enter a discovery scheduling order including for documents that can be exchanged 'without the necessity for formal document requests.'" *Id.* at 1.

On September 19, 2024, Plaintiffs missed the deadline automatically imposed by CPLR 3012(b) to file a full Complaint.

**Grounds For Relief**

Over four months ago, Plaintiffs filed a Summons With Notice stating their intention to assert fraud claims against Defendants that are subject to Rule 9(b)'s heightened pleading standards. Nevertheless, upon receiving a demand for a complaint pursuant to CPLR 3012(b), Dkt. 8, Plaintiffs inexplicably failed to file a full Complaint within the 20-day deadline and provided no justification for why they were unable to do so. *See JL Collier Corp. v. Wells Fargo Bank, N.A.*, 127 A.D.3d 1026, 5 N.Y.S.3d 884 (2d Dep't 2015) (reversing supreme court and granting defendant's motion to dismiss under CPLR 3012(b) because plaintiffs failed to proffer a reasonable excuse for their failure to serve a complaint within twenty days after service of the demand for the complaint); *Carducci v. Russell*, 120 A.D.3d 1375, 993 N.Y.S.2d 119 (2d Dep't 2014) ("To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR § 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action.").

The purpose of an Initial Conference, and the preceding Rule 26(f) conference between the parties, is for the parties and the Court to determine the appropriate scope of discovery and to set an appropriate schedule for the case, including by submitting an initial joint letter. Dkt. 12. But under the unique procedural posture of this case, where Plaintiffs have not yet filed a full

3

Complaint, it is impossible for Defendants—or the Court—to assess the appropriate scope of discovery, if any, such that a Rule 26(f) conference and an Initial Conference are likely to waste judicial and party resources.

Even without reviewing a full Complaint, given the nature of the parties' relationship and Plaintiffs' correspondence outlining their purported claims, the Rootstock Defendants have grounds to believe that: (1) this case does not belong in the United States, as no U.S. Court has personal jurisdiction over the foreign defendants; and (2) this case does not belong in any court at all, because it is subject to a binding arbitration agreement mandating arbitration under the procedural rules of the London Court for International Arbitration, with an arbitral seat in Gibraltar. Accordingly, while the Rootstock Defendants reserve all rights pending receipt of Plaintiffs' Complaint, Plaintiffs' filing of this action appears to be in breach of the parties' arbitration agreement, giving the Rootstock Defendants strong *prima facie* grounds to seek (i) an anti-suit injunction in Gibraltar restraining Plaintiffs' prosecution of this action; (ii) dismissal of this action for lack of personal jurisdiction, or in the alternative, (iii) an order compelling arbitration and staying this case in favor of such arbitration.[3]

As is evident from Plaintiffs' correspondence via counsel, Ex. D at 1, Plaintiffs' intent is to attempt to improperly obtain discovery from Defendants before they have even filed a Complaint subject to the Rule 9(b) heightened pleading standard, or served all defendants in this action. But pre-Complaint discovery under the Federal Rules of Civil Procedure is only permissible in incredibly narrow circumstances which are not applicable here. *See* Fed. R. Civ. Pro. 27(a) (permitting pre-Complaint discovery only where a deposition is necessary in order to perpetuate a witness's testimony).[4] Accordingly, Defendants should not be subject to any pre-Complaint discovery, particularly here where Plaintiffs' purported fraud claims must be stated "with particularity." Fed. R. Civ. Pro. 9(b).

Finally, due to Plaintiffs' failure to file a full Complaint by the September 19, 2024 deadline imposed by CPLR 3012(b), any Complaint must be accompanied by an affidavit of merit establishing Plaintiffs' entitlement to be relieved of their default. *Stout v. Heyer*, 40 A.D.3d 743, 836 N.Y.S.2d 212 (2d Dep't 2007).

---

[3] Additionally, if necessary, the Rootstock Defendants will seek a stay of discovery pending resolution of such motion to dismiss. *See, e.g.*, *Al Thani v. Hanke*, Case No. 20-CV-4765 (JPC), 2021 WL 23312, at *1-2 (S.D.N.Y. Jan. 4, 2021) (staying discovery pending resolution of motion to dismiss where a successful motion to dismiss would cause the case to "ostensibly proceed in arbitration, which would be governed by substantially different discovery rules than a case in this, or any other federal court"); *id.* at *2 (finding that because "'under certain circumstances, a party that commences litigation may waive its right to arbitration,'" a stay "can help ensure that a litigant is not deprived of his or her chosen forum") (quoting *Sweater Bee by Banff v. Manhattan Indus.*, 754 F.2d 457, 461 (2d Cir. 1984)); *see also Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (finding that a stay is warranted where a foreign defendant's motion to dismiss based on lack of personal jurisdiction is potentially dispositive).

[4] While not applicable here, Plaintiffs would have had no better luck in state court where New York's Civil Practice Law and Rules allow for only limited pre-complaint discovery. *See* CPLR 3201(c); *Uddin v. New York City Transit Auth.*, 27 A.D.3d 265, 266, 810 N.Y.S.2d 198, 199 (App. Div. 2006) ("Thus, while pre-action disclosure may be appropriate to preserve evidence or to identify potential defendants, it may not be used to ascertain whether a prospective plaintiff has a cause of action worth pursuing").

Respectfully Submitted,

*[signature]*

Michael B. Carlinsky


CC:     All counsel of record