# EXHIBIT A



JOHN PISKORA
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4082
**Main**    212.407.4000
**Fax**      212.407.4990
jpiskora@loeb.com

July 17, 2024

James Montado, Esq.
ISOLAS LLP
Portland House
Glacis Road, GX11 1AA, Gibraltar
(via email: James.Montado@isolas.gi)

Re:   *SDN LIMITED and STEVEN NERAYOFF v. IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO* ("The RSK Defendants"); (New York Sup. Ct., Nassau Cnty. Index No. 607805/2024)

Dear Mr. Montado:

The undersigned counsel represent Steven Nerayoff and SDN Limited in connection with the above referenced civil action commenced against the RSK Defendants before the New York State Supreme Court.  On May 3, 2024 a summons with notice was filed in Supreme Court Nassau County, New York.  As you can see from that summons, Plaintiffs assert claims for fraud, aiding-and-abetting fraud, and rescission based upon the RSK Defendants' conduct in connection with the unregistered offering and sale of RIF tokens.

We are writing to you as we understand that you had represented some of these same individuals in connection with similar claims and that you may continue to provide representation to the RSK Defendants or related individuals/entities.  Our purpose in writing is to determine if a negotiated settlement can be achieved that is mutually beneficial to all parties prior to the filing of a formal complaint detailing the RSK Defendants' wrongful conduct or, in the alternative, to request that defendants accept and acknowledge service of the summons (attached).

To induce Plaintiffs to purchase Defendants' RIF tokens, Defendants made numerous knowing misrepresentations of material fact, as well as material omissions, that Plaintiffs justifiably relied upon to their detriment in making their investments.  More particularly, at meetings with Plaintiffs, both within and outside of New York, Defendants falsely represented that Defendants' RIF blockchain was a second-layer blockchain solution that would provide Ethereum-style smart contract capabilities and other functionality to the Bitcoin blockchain.  Defendants also represented that that they were  "…raising capital that it will deploy on researching developing and promoting the RIFOS Protocols … and to meet various other operating expenses resulting to such activities."  After the Defendants raised capital through RIF Labs, including Plaintiffs', neither RIF Labs nor its founders applied the raised funds for "researching, developing and promoting the RIFOS Protocols " or to pursue the functionality that the RIFOS protocols promised.  Rather, the Plaintiffs' BTC investments were either held by defendants or transferred for other purposes.

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



At the time Defendants made the foregoing representations, and others, upon which Plaintiffs reasonably relied, Defendants knew that the RIF blockchain had no such functionality, that no such functionality had ever been developed, and that they had no plans for such functionality. Following the launch of the RIF blockchain, Defendants' fraud was revealed and the value of Plaintiffs' investments declined over 99%.

As to the particulars of the solicitation and investment: Mr. Nerayoff met with Diego Gutierrez Zaldivar, one of 4 top operator/founders of RSK, in New York City numerous times during the solicitation period, to discuss the investments. These meetings were at and around Consensus 2018, in New York City, establishing personal jurisdiction over the Company, and over Diego Zaldivar in the Courts of the United States/New York State. Mr. Nerayoff initially agreed to invest 200 Bitcoin and transferred that amount to RSK. The foregoing facts are all subject to contemporaneous documentation.

After sending the initial investment of 200 Bitcoin from Mr. Nerayoff's BTC address, Plaintiffs made subsequent investments totaling an additional 1355 Bitcoin. The 1555 BTC that Plaintiffs were defrauded of went from a value of $10,396,000 in 2018 to well over $100 million today.

The Token Generation Event occurred on November 9, 2018. However, the RIF Tokens were not—and were never intended to be—issued by RSK Labs, which at all relevant times was an independent entity, distinct and separate from RIF Labs, the entity that actually issued the RIF Tokens. The two entities merged after the Token Generation Event. RIF Labs was renamed to IOV labs in an effort to rebrand after failing to deliver the promised technology and having its Token price drop 99%. RSK never built anything and took investment monies knowing that they had no product to deliver. Once the token became publicly traded, it cratered.

Accordingly, and as set forth in the attached summons with notice, Plaintiffs seek the rescission of their investments and the return of their invested Bitcoin or, in the alternative, monetary damages at the date of judgment in an amount not less than $100 million, plus interest thereon.

Thank you for your prompt attention to this matter.

Sincerely,

John Piskora
Partner

John Deaton
Chris Hampton
DEATON Law Firm, LLC
450 N Broadway
East Providence RI 02914

Attachment

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF
-----------------------------------------------------------------X
SDN Limited and Steven Nerayoff,

                          Plaintiff/Petitioner,

- against -                          Index No. 607805/2024

IOV Labs Limited, RIF Labs Limited, RSK Labs Limited, Diego Gutierrez Zaldivar, and Alejandro Maria Aberg Cobo, a/k/a Alex Cobo

                         Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(UniformRule § 208.4-a and § 202.5-bb)

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

- You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney:** give this Notice to your attorney (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney:** you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.

### Benefits of E-Filing
You can:

- serve and file your documents electronically

- view your case file on-line

- limit your number of trips to the courthouse

- pay any court fees on-line.

There are no additional fees to file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented   or

- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: May 15, 2024

| | |
|---|---|
| John A. Piskora | 345 Park Avenue |
| **Name** | New York, New York 10154 |
| | **Address** |
| Loeb & Loeb LLP | |
| **Firm Name** | |

To:
IOV LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RIF LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

Camino De Los Horneros 220
Lomas De La Tahoma Lote 346
14000 Colonia Nicolich
Canelones Uruguay

RSK LABS LIMITED
BVI 1895440
Morgan & Morgan Building
Pasea Estate
Road Town, Tortola
British Virgin Islands

DIEGO GUTIERREZ ZALDIVAR
2028 4 R Vidt
Buenos Aires C1425
Argentina

ALEJANDRO MARIA ABERG COBO a/k/a Alex Cobo
600 Grapetree Drive, Apt. 10GN
Key Biscayne, FL 33149-2707

**Address**

212-407-4000
**Phone**

jpiskora@loeb.com
**E-Mail**

9/29/21

EFM-CIV-1

Index #        Page 2 of 2

**TRIBUNAL CIVIL DE LA CIUDAD DE NUEVA YORK**
**CONDADO DE** NASSAU

--------------------------------------------------x

SDN Limited y Steven Nerayoff,

       Demandante/Solicitante,

  - contra -            Expediente n.º 607805/2024

IOV Labs Limited, RIF Labs Limited, RSK Labs
Limited, Diego Gutiérrez Zaldívar, Alejandro María
Aberg Cobo, alias Alex Cobo

       Demandado/Acusado.

--------------------------------------------------x

## AVISO DE PRESENTACIÓN ELECTRÓNICA
**(Caso obligatorio)**
(Reglas uniformes, sección 208.4-a y 202.5-bb)

**Ha recibido este aviso por el siguiente motivo:**

- El Demandante/Solicitante, cuyo nombre figura arriba, presentó este caso utilizando el sistema de presentación electrónica de los tribunales del estado de Nueva York, y

- Usted es un Demandado/Acusado (una parte) en este caso.

<u>**Si lo representa un abogado**</u>: entregue este aviso a su abogado (Abogados: consultar "Información para abogados" en la página 2).

<u>**Si no lo representa un abogado**</u>: **no está obligado a realizar la presentación electrónica. Puede entregar y presentar documentos en papel y se le deben entregar los documentos en dicho formato. Sin embargo, como parte sin abogado, puede participar en la presentación electrónica.**

**Beneficios de la presentación electrónica**
Puede:

- entregar y archivar sus documentos electrónicamente

- ver el expediente de su caso en línea

- limitar la cantidad de viajes al juzgado

- pagar las tasas judiciales en línea.

No hay tarifas adicionales para presentar, ver o imprimir los registros de su caso.

Si desea registrarse para la presentación electrónica u obtener más información sobre cómo funciona este proceso, puede hacer lo siguiente:

- visitar: www.nycourts.gov/efile-unrepresented o

- dirigirse al Centro de Ayuda o a la Oficina del secretario del tribunal donde se presentó el caso. Para encontrar información legal que le ayude a representarse a sí mismo, visite <u>www.nycourthelp.gov</u>

## Información para abogados
### (La presentación electrónica es obligatoria para los abogados)

Un abogado que represente a una parte a la que se le entregue este aviso debe hacer una de las siguientes:

    1) registrar inmediatamente su representación dentro del asunto presentado electrónicamente en el sitio del NYSCEF www.nycourts.gov/efile; o

    2) presentar el formulario de aviso de exclusión voluntaria ante el secretario del tribunal donde esta causa judicial está pendiente y notificarlo a todas las partes. Las exenciones de la presentación electrónica obligatoria se limitan a los abogados que certifican de buena fe que carecen del hardware de computadora o el escáner o la conexión a Internet, o que carecen (junto con todos los empleados sujetos a sus instrucciones) del conocimiento para operar dicho equipo. [Sección 202.5-bb(e)]

Para obtener información adicional sobre la presentación electrónica y crear una cuenta en el NYSCEF, visite el sitio web del NYSCEF en www.nycourts.gov/efile o comuníquese con el Centro de Recursos del NYSCEF (teléfono: 646-386-3033; correo electrónico: nyscef@nycourts.gov).

Fecha: <u>15 de mayo de 2024</u>

<u>John A. Piskora</u>
Nombre

<u>Loeb & Loeb LLP</u>
Nombre de la firma de abogados

<u>345 Park Avenue</u>
<u>New York, New York 10154</u>
Dirección

<u>212-407-4000</u>
Teléfono

<u>jpiskora@loeb.com</u>
Correo electrónico

A:

IOV LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RIF LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

Camino De Los Horneros 220
Lomas De La Tahoma Lote 346
14000 Colonia Nicolich
Canelones Uruguay

RSK LABS LIMITED
BVI 1895440
Morgan & Morgan Building
Pasea Estate
Road Town, Tortola
British Virgin Islands

Dirección

DIEGO GUTIÉRREZ ZALDÍVAR
2028 4 R Vidt
Buenos Aires C1425
Argentina

ALEJANDRO MARÍA ABERG COBO, alias Alex Cobo
600 Grapetree Drive, Apt. 10GN
Key Biscayne, FL 33149-2707

29/09/21

EFM-CIV-1

# TRANSLATION CERTIFICATION

Date: 2024/06/14

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English (USA)

To:

- Spanish (Latin America)

The documents are designated as:
- 6335_2024051560780524EFM-1 Ntc of Efiled Suit238891289.1

Julián Zapata, Translator in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

*Julian Zapata* 06/14/2024 07:49 AM
_____
Signature of Julián Zapata

---

## ACKNOWLEDGEMENT

State of Utah

County of Tooele

This record was acknowledged before me on this 14th day of June, 2024 by

                                                    *Date*

**Julian Zapata**

            *Name of Individual*

*Dixie Calkins* 06/14/2024 07:53 AM MDT
_____
        *Signature of notarial officer*

Online Notary Public. This notarial act involved the use of online audio/video communication technology. Notarization

**Notary of the State of Utah**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

SDN LIMITED and STEVEN NERAYOFF,

                Plaintiffs,

v.

IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO,

                Defendants.

Index No. _____

**SUMMONS WITH NOTICE**

PLAINTIFFS DESIGNATE NASSAU COUNTY AS THE PLACE OF TRIAL

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if the summons is not personally delivered to you within the State of New York.

    Venue is properly before this Court pursuant to CPLR § 503(a) because Plaintiff Nerayoff resides in this County. Nassau County is designated as the place of trial. Jurisdiction over Defendants, and each of them, is proper pursuant to CPLR §§ 301 and 302 because Defendants (1) transacted business within the state or contracted anywhere to supply goods or services in the state; (2) committed tortious acts within the state; and (3) committed tortious acts without the state causing injury within the state.

    **TAKE NOTICE THAT** this is an action for fraud, aiding-and-abetting fraud, and rescission based upon Defendants' conduct in connection with the unregistered offering and sale of RIF tokens. To induce Plaintiffs to purchase Defendants' RIF tokens, Defendants made numerous knowing misrepresentations of material fact, as well as material omissions, that

Plaintiffs justifiably relied upon to their detriment in making their investments. More particularly, at meetings with Plaintiffs, both within and outside of New York, Defendants falsely represented that Defendants' RIF blockchain was a second-layer blockchain solution that would provide Ethereum-style smart contract capabilities and other functionality to the Bitcoin blockchain. At the time Defendants made these representations, upon which Plaintiffs reasonably relied, Defendants knew that the RIF blockchain had no such functionality, no such functionality had ever been developed, and that they had no plans for such functionality. Following the launch of the RIF blockchain, Defendants' fraud was revealed and the value of Plaintiffs' investments declined over 99%. Plaintiffs seek the rescission of their investments and the return of their invested Bitcoin or, in the alternative, monetary damages at the date of judgment in an amount not less than $100 million, plus interest thereon.

**TAKE FURTHER NOTICE THAT** in case of your failure to appear, judgment will be sought and may be taken against you in the form of a rescission award or, in the alternative, in an amount of monetary damages at the date of judgment not less than $100 million, plus interest, and the costs and disbursements of this action as the Court may award.

Dated: New York, New York
May 3, 2024

LOEB & LOEB LLP

By: /s/ John A. Piskora
John A. Piskora (jpiskora@loeb.com)
David A. Forrest (dforrest@loeb.com)
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000

*Attorneys for Plaintiffs SDN Limited and Steven Nerayoff*

To: IOV LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RIF LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RSK LABS LIMITED
BVI 1895440
Morgan & Morgan Building
Pasea Estate
Road Town, Tortola
British Virgin Islands

DIEGO GUTIERREZ ZALDIVAR
2028 4 R Vidt
Buenos Aires C1425
Argentina

ALEJANDRO MARIA ABERG COBO a/k/a Alex Cobo
600 Grapetree Drive, Apt. 10GN
Key Biscayne, FL 33149-2707

Camino De Los Horneros 220
Lomas De La Tahoma Lote 346
14000 Colonia Nicolich
Canelones Uruguay

**TRIBUNAL SUPREMO DEL ESTADO DE NUEVA YORK**
**CONDADO DE NASSAU**

---

SDN LIMITED y STEVEN NERAYOFF,

                      Demandantes,

vs.

IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIÉRREZ ZALDÍVAR y ALEJANDRO MARÍA ABERG COBO, alias ALEX COBO,

                      Demandados

---

Expediente n.° _____

**CITACIÓN CON PREAVISO**

LOS DEMANDANTES DESIGNAN EL CONDADO DE NASSAU COMO LUGAR DONDE SE LLEVARÁ A CABO EL JUICIO

---

**A LOS DEMANDADOS MENCIONADOS ANTERIORMENTE:**

      **POR LA PRESENTE SE LES CITA** a comparecer en esta causa judicial mediante la entrega de un aviso de comparecencia a los abogados de los Demandantes dentro de los veinte (20) días posteriores a la entrega de esta citación, excluyendo el día de la notificación, o dentro de los treinta (30) días posteriores a la notificación si la citación no se le entrega personalmente en el Estado de Nueva York.

      El lugar es adecuado ante este Tribunal de conformidad con la sección 503(a) de la Ley y Normas de Proceso Civil (CPLR, por sus siglas en inglés) ya que el Demandante Nerayoff reside en este condado. Se designa el condado de Nassau como lugar donde se llevará a cabo el juicio. La jurisdicción sobre los Demandados, y cada uno de ellos, es adecuada de conformidad con las secciones 301 y 302 de la CPLR ya que los Demandados (1) realizaron transacciones comerciales dentro del estado o contrataron en cualquier lugar el suministro de bienes o servicios en el estado; (2) cometieron actos ilícitos dentro del estado; y (3) cometieron actos ilícitos fuera del estado, pero estos causaron daños dentro del estado.

      **TENGA EN CUENTA QUE** esta es una causa judicial por fraude, complicidad en el fraude y rescisión basada en la conducta de los Demandados en relación con la oferta y venta no registradas de tokens RIF. Para inducir a los Demandantes a comprar los tokens RIF de los Demandados, los Demandados hicieron numerosas tergiversaciones conscientes de hechos sustanciales, así como omisiones importantes, en las que

los Demandantes se basaron justificadamente, lo que resultó en un perjuicio para ellos con respecto a sus inversiones. Para ser más específicos, en reuniones con los Demandantes, tanto dentro como fuera de Nueva York, los Demandados declararon falsamente que su cadena de bloques RIF era una solución de cadena de bloques de segunda capa que proporcionaría capacidades de contrato inteligente de estilo Ethereum y otras funcionalidades a la cadena de bloques de Bitcoin. En el momento en que los Demandados hicieron estas declaraciones, en las que los Demandantes confiaron razonablemente, los Demandados sabían que la cadena de bloques RIF no tenía tal funcionalidad, que esta nunca se había desarrollado y que no tenían planes de implementarla en el futuro. Tras el lanzamiento de la cadena de bloques RIF, se reveló el fraude de los Demandados y el valor de las inversiones de los Demandantes disminuyó más del 99 %. Los demandantes buscan la rescisión de sus inversiones y la devolución de sus Bitcoin invertidos o, alternativamente, compensación pecuniaria a la fecha de la sentencia por un monto no menor a USD 100 millones, más los intereses correspondientes.

**ADEMÁS, TENGA EN CUENTA QUE,** en caso de que no comparezca, se solicitará un fallo y se podrá dictar en su contra en forma de una indemnización de rescisión o, como alternativa, una compensación pecuniaria a la fecha del fallo no inferior a USD 100 millones, más intereses, y los costos y desembolsos de esta causa judicial, según lo determine el tribunal.

Fecha: Nueva York, Nueva York  
3 de mayo de 2024

LOEB & LOEB LLP

Por: */f/ John A. Piskora*  
John A. Piskora (jpiskora@loeb.com)  
David A. Forrest (dforrest@loeb.com)  
345 Park Avenue  
New York, NY 10154  
Tel: (212) 407-4000

*Abogados de los Demandantes SDN Limited y Steven Nerayoff*

Para: IOV LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RIF LABS LIMITED
Suite 23 Portland House
Glacis Road
Gibraltar GX11 1AA

RSK LABS LIMITED
BVI 1895440
Morgan & Morgan Building
Pasea Estate
Road Town, Tortola
British Virgin Islands

DIEGO GUTIÉRREZ ZALDÍVAR
2028 4 R Vidt
Buenos Aires C1425
Argentina

ALEJANDRO MARÍA ABERG COBO, alias Alex Cobo 600
Grapetree Drive, Apt. 10GN
Key Biscayne, FL 33149-2707

Camino De Los Horneros 220
Lomas De La Tahoma Lote 346
14000 Colonia Nicolich
Canelones Uruguay

# TRANSLATION CERTIFICATION

Date: 2024/06/14

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English (USA)

To:

- Spanish (Latin America)

The documents are designated as:
- RSK 607805_2024

Julián Zapata, Translator in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

*Julian Zapata*  06/14/2024 07:12 AM

Signature of Julián Zapata

---

## ACKNOWLEDGEMENT

State of Utah

County of Tooele

This record was acknowledged before me on this 14th day of June 2024

by Julian Zapata                    Date    2024/06/14

*Name of Individual*

*Dixie Calkins*  06/14/2024 07:16 AM MT

*Signature of notarial officer*

Online Notary Public.
This notarial act involved the use of online audio/video communication

Notary of the State of Utah