**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
michaelcarlinsky@quinnemanuel.com

December 18, 2024

**VIA ECF**

Judge Joan M. Azrack
100 Federal Plaza
Central Islip, NY 11722

Magistrate Judge Anne Y. Shields
100 Federal Plaza
Central Islip, NY 11722

Re:   *SDN Limited v. IOV Labs Limited*, Case No. 2:24-cv-06089

Dear Judge Azrack and Judge Shields:

We write on behalf of Defendants IOV Labs Limited, RIF Labs Limited, and RSK Labs Limited[1] in response to Plaintiffs' counsel Loeb & Loeb LLP's ("Loeb & Loeb") letter seeking a pre-motion conference in anticipation of their request to withdraw, Dkt. 26, and Magistrate Judge Anne Y. Shields's order waiving the pre-motion conference, ordering Loeb & Loeb to file their motion to withdraw by January 3, 2025, and scheduling a telephone conference to hear the application to withdraw for January 27, 2025. Dkt. 27. We respectfully request that Defendants be permitted to respond Loeb & Loeb's January 3, 2025 motion before the January 27, 2025, conference. As further described below, Defendants respectfully request that certain issues be resolved before Loeb & Loeb be permitted to withdraw.

Plaintiffs' litigation conduct has caused undue delay from the start, having already missed two major deadlines in this case: (1) Plaintiffs initiated this case through a summons with notice on May 3, 2024, but only filed the Complaint on November 5, 2024, Dkt. 21, after missing their deadline to do so by forty-five days; (2) Defendants filed a pre-motion conference letter on November 26, 2024, Dkt. 22, to which Plaintiffs failed to respond within seven days, Dkt. 23. One of the grounds of Defendants' forthcoming motion to dismiss and forthcoming motion for sanctions involves the demonstrably false allegations that Plaintiffs, through Loeb & Loeb, included in the Complaint in an attempt to manufacture jurisdiction in this Court. *See* Dkt. 22-1.

---

[1] Defendants IOV Labs Limited, RIF Labs Limited, and RSK Labs Limited expressly reserve, and do not waive any including, without limitation, all defenses available under the Federal Rules of Civil Procedure, including defenses relating to personal jurisdiction, venue, or whether the action should be the subject of arbitration.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The Court should not allow Plaintiffs' counsel to withdraw until they have answered Defendants' pre-motion conference letter; further, the Court should retain jurisdiction over counsel until the forthcoming motion for sanctions is resolved. Permitting Loeb & Loeb to withdraw now, prior to responding to Defendants' pre-motion conference letter, would prejudice Defendants by causing further undue delay. Additionally, while counsel's letter does not make clear the reason for their dismissal, to the extent counsel are withdrawing due to a dispute with their clients over the false statements in the Complaint, Plaintiffs' counsel must comply with their duty under Rule 3.3(a)(1) of the New York Rules of Professional Conduct "to correct a false statement of material fact . . . previously made to the tribunal by the lawyer."

Nevertheless, if the Court allows Plaintiffs' counsel to withdraw, Defendants respectfully request that Plaintiff SDN Limited be ordered to retain new counsel within thirty (30) days or be subject to dismissal of its claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Max Impact, LLC v. Sherwood Grp., Inc.*, 2013 WL 4451301, at *1 (S.D.N.Y. Aug. 19, 2013) (dismissing for failure to prosecute because corporate plaintiff failed to retain new counsel within the time allotted). Defendants also request an order that Plaintiff Steven Nerayoff, within the same period, appoint substitute counsel or indicate his intention to proceed *pro se*, failing which his claims should also dismissed. *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*, 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (ordering an individual to either replace counsel or indicate his intention to proceed *pro se* within the same period of the corporate plaintiff or face dismissal).

In any case, the Court must retain jurisdiction over Loeb & Loeb for Defendants' forthcoming motion for sanctions, as "an attorney's withdrawal from a case does not prevent the imposition of Rule 11 sanctions for papers filed prior to the withdrawal." *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2003 WL 22227956, at *7 (S.D.N.Y. Sept. 26, 2003) (sanctioning attorney who had previously withdrawn as counsel due to attorney's filing of frivolous complaint).

Respectfully submitted,

*/s/ Michael B. Carlinsky*

Michael B. Carlinsky

CC:   All counsel of record