UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SDN LIMITED and STEVEN NERAYOFF,<br><br>        Plaintiffs,<br><br>    v.<br><br>IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO,<br><br>        Defendants. | Case No. 24-cv-06089-JMA-AYS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF LOEB & LOEB LLP'S MOTION TO WITHDRAW** |

                                     John Piskora
                                     Loeb & Loeb LLP
                                    345 Park Avenue
                                    New York, NY 10154
                                    (jpiskora@loeb.com)
                                    212.407.4082

Pursuant to the Court's December 18, 2024 Text Order, Loeb & Loeb LLP ("Loeb") respectfully submits the memorandum of law in support of its motion for the entry of an Order, pursuant to Local Civil Rule 1.4: (1) permitting Loeb to withdraw as counsel of record for Plaintiffs SDN Limited and Steven Nerayoff (collectively, "Plaintiffs"), and discontinuing noticing to Loeb through the CM/ECF system; and (2) temporarily staying all further proceedings in this action to allow Plaintiffs time to retain new counsel.

## BACKGROUND

Plaintiffs initiated this case before the Supreme Court of New York, Nassau County by filing a Summons with Notice pursuant to CPLR 305(b) on May 3, 2024. On August 30, 2024, certain of the Defendants removed the action to this Court. *See* Dkt. 1-2. In accordance with the directives of this Court, Plaintiffs filed their Complaint on November 5, 2024. *See* Dkt. 21.

By letter dated November 26, 2024, Defendants requested a pre-motion conference concerning Defendants' anticipated motion to dismiss the Complaint, or in the alternative, to compel arbitration. *See* Dkt. 22. No pre-motion conference has yet been scheduled, nor has the Court set other deadlines given the need for foreign service upon certain Defendants.

Following numerous discussions with Mr. Nerayoff concerning the litigation of this action, on December 16, 2024, Mr. Nerayoff (for himself and on behalf of his company, Plaintiff SDN Limited) relieved Loeb & Loeb LLP of its services as counsel in respect to this action. *See* Declaration of Christopher A. Ott, dated January 3, 2025 (the "Ott Decl.") at ¶¶ 5-6; Dkt. 26. Loeb advised Mr. Nerayoff of the requirement that SDN Limited be represented by counsel in the action, and he advised Loeb that it was Plaintiffs' intent to engage substitute counsel. *See* Ott Decl. at ¶¶ 5-6.

1

## THE COURT SHOULD PERMIT LOEB & LOEB LLP TO WITHDRAW AS COUNSEL AND IMPOSE A REASONABLE STAY OF THIS PROCEEDING

Local Civil Rule 1.4, which governs motions for leave to withdraw as counsel, provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

"In determining whether to grant a motion to withdraw as counsel, district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Schwartz v. AMF Bowling Ctrs., Inc.*, No. 19-CV-7096, 2024 U.S. Dist. LEXIS 138113, at *6 (E.D.N.Y. Aug. 5, 2024) (citations omitted).

"[C]ourts within this district have consistently held that, while Local Rule 1.4 requires a court order to withdraw, when a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances." *Id.* (citing *Limited liability company v. Bound ( In re M)*, No. CV 18-4242 (GRB) (ARL), 2020 U.S. Dist. LEXIS 267701, at *4 (E.D.N.Y. Oct. 16, 2020); *see also Casper v. Lew Lieberbaum & Co.*, 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, at *11 (S.D.N.Y. May 24, 1999) ("The Court's failure to issue an order [following termination of counsel] would, in effect, cause the formation of a new contract for representation."); 22 N.Y.C.R.R. § 1200.0, Rule 1.16(b) (providing that "a lawyer shall withdraw from representing a client when . . . the lawyer is discharged.").

These authorities apply with equal force here. Good cause exists to relieve Loeb as counsel for Plaintiffs in this action because Plaintiffs have relieved Loeb & Loeb LLP of its services as

2

counsel in respect to this action. *See* Ott Decl. at ¶¶ 5-6. Loeb's withdrawal will not unreasonably delay the forward progress of this case because certain foreign Defendants have not yet appeared in the action; the Court has not yet set a case schedule; Plaintiffs have already advised of their intent to engage substitute counsel (*see* Ott Decl. at ¶¶ 5-6); and this action remains at its earliest stages. *See id.* Indeed, Defendants have not responded to the Complaint, no case management plan has been entered, and no discovery has been exchanged.

Finally, Loeb does not seeking a retaining or charging lien.

Accordingly, Loeb's motion should be granted in the entirety.

## CONCLUSION

For the foregoing reasons, Loeb & Loeb LLP respectfully requests that the Court issue an Order:  (1) permitting Loeb to withdraw as counsel of record for Plaintiffs and discontinuing noticing to Loeb through the CM/ECF system; (2) staying all further proceedings in this action for a period of 30 days after notice to appoint another attorney has been served upon Plaintiffs as directed by Order of this Court; and (3) granting such other and further relief as the Court deems just and proper.

Dated: January 3, 2025              LOEB & LOEB LLP

  */s/  John Piskora*
John Piskora (jpiskora@loeb.com)
345 Park Avenue
New York, NY 10154
212.407.4082

240443062