UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SDN LIMITED and STEVEN NERAYOFF,<br><br>                               Plaintiffs,<br><br>        v.<br><br>IOV LABS LIMITED, RIF LABS LIMITED, RSK LABS LIMITED, DIEGO GUTIERREZ ZALDIVAR, and ALEJANDRO MARIA ABERG COBO a/k/a ALEX COBO,<br><br>                               Defendants. | Case No. 24-cv-06089-JMA-AYS<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LOEB & LOEB LLP'S MOTION TO WITHDRAW** |

John Piskora
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
(jpiskora@loeb.com)
212.407.4082

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................3

I.     LOEB'S MOTION TO WITHDRAW WAS PROPERLY SUPPORTED .........................3

II.    LOEB'S WITHDRAWAL SHOULD NOT BE CONDITIONED UPON THE DISCLOSURE OF PRIVILEGED COMMUNICATIONS OR CLIENT CONFIDENCES ..................................................................................................................4

III.   THE COURT SHOULD SIMILARLY DECLINE TO RETAIN JURISDICTION AS TO A KNOWINGLY FRIVOLOUS, HYPOTHETICAL FUTURE MOTION ..................................................................................................................5

      A.     Defendants' Proposed Motion Would Be Procedurally Improper and Frivolous ....................................................................................................................6

      B.     Defendants' Proposed Motion Would Be Substantively Frivolous ........................7

IV.   DEFENDANTS' REQUEST THAT LOEB BE DIRECTED TO RESPOND TO DEFENDANTS' PRE-MOTION LETTER SHOULD BE SUMMARILY DENIED BECAUSE LOEB HAS NO AUTHORITY TO DO SO ..................................8

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Casper v. Lew Lieberbaum & Co.*,
  97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779
  (S.D.N.Y. May 24, 1999) ................................................................................................... 5

*Laba v. JBO Worldwide Supply Pty Ltd.*,
  90 Civ. 3443 (AKH), 2021 U.S. Dist. LEXIS 123448 (S.D.N.Y. July 1, 2021) ....................... 5

*Lozano v. Peace*,
  No. 05 Civ. 0174, 2005 U.S. Dist. LEXIS 40360 (E.D.N.Y. Jul. 11, 2005) ............................ 6

*Moyal v. Münsterland Gruppe GmbH & Co. KG*,
  539 F. Supp. 3d 305 (S.D.N.Y. 2021) .................................................................................... 9

*Safe-Strap Co. v. Koala Corp.*,
  270 F. Supp. 2d 407 (S.D.N.Y.) ............................................................................................ 6

*Schwartz v. AMF Bowling Ctrs., Inc.*,
  No. 19-CV-7096, 2024 U.S. Dist. LEXIS 138113 (E.D.N.Y. Aug. 5, 2024),
  *adopted by*, 2024 U.S. Dist. LEXIS 151839 (E.D.N.Y. Aug. 23, 2024) ........................... 4, 5

*Steele v. Bell*,
  No. 11 Civ. 9343, 2012 U.S. Dist. LEXIS 180405 (S.D.N.Y. Dec. 19, 2012) ......................... 5

*Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*,
  419 F. Supp. 3d 490 (E.D.N.Y. 2019) ................................................................................... 7

**Other Authorities**

22 N.Y.C.R.R. § 1200.0, Rule 1.16(b)(3), (e) ................................................................................ 5

Fed. R. Civ. P. 11(b) ...................................................................................................................... 6

Local Civil Rule 1.4 ............................................................................................................ *passim*

Loeb & Loeb LLP ("Loeb") respectfully submits this reply memorandum of law in further support of its motion to withdraw as counsel of record for Plaintiffs Steven Nerayoff and SDN Limited.

**PRELIMINARY STATEMENT**

Plaintiffs Steven Nerayoff and SDN Limited (a company solely owned by Mr. Nerayoff) terminated Loeb's services with respect to this action, and Loeb promptly moved for leave to withdraw. Plaintiffs were served with the motion [ECF # 32] and have not opposed it.

Defendants Rootstock Labs Limited ("Rootstock") and RSK Labs Limited ("RSK"), on the other hand, have filed an opposition arguing that the withdrawal motion is purportedly deficient and seeking to impose a host of conditions. Setting aside that Defendants' complaints (via counsel) are blithely and arrogantly based upon purported facts nowhere established (an interesting strategy given that Defendants are accused of perpetrating a multi-million dollar fraud), each of Defendants' arguments is contrary to law and the applicable rules of civil procedure (with which Defendants have failed to comply). Loeb's motion to withdraw should be granted without condition for each of the following reasons:

*First*, and although Defendants acknowledge that Loeb's motion to withdraw was supported by the sworn declaration of a Loeb attorney establishing a satisfactory reason for withdrawal (*i.e.*, termination), Defendants argue that the motion is purportedly "deficient" because the declaration was not executed by counsel appearing in the action. That argument—unsupported with any case law—is frivolous. Local Civil Rule 1.4 only requires "a showing by affidavit or otherwise of satisfactory reasons for withdrawal." Because Loeb satisfied that requirement, leave to withdraw should be granted.

*Second,* and although Loeb disclosed a satisfactory reason for withdrawal (*i.e.*, termination of its representation in this action), Defendants wrongly argue that Loeb purportedly must disclose

1

the basis for its termination. That argument—again unsupported with any case law—is also frivolous. Local Civil Rule 1.4 makes clear that counsel need only establish a "satisfactory reason for withdrawal." Thus, in the case of non-payment, evidence of such non-payment is sufficient and there is no requirement to establish the basis for non-payment. Where, as here, representation is terminated, an attorney is ethically *required* to withdraw and the Courts routinely grant such leave. Defendants' purported "suspicions" (ECF #33 ("Opp.") at 7) and rank speculation do not provide any basis for forcing the disclosures of matters that could even touch upon privileged communications or protected client confidences. Accordingly, Defendants' request for further disclosure should be rejected and leave to withdraw granted unconditionally.

*Third*, Defendants ask this Court to retain jurisdiction over Loeb as to a threatened Rule 11 sanctions motion that has not been filed; that Defendants have not sought leave to file; and that the Court has not authorized Defendants to file. As discussed more fully below, the Court should decline to do so for a broad host of reasons. As an threshold matter, Defendants' proposed sanctions motion would be clearly frivolous (and itself sanctionable) because Defendants have failed to comply with the strict procedural mandates of Rule 11 itself. Specifically, Defendants *admit* that they served Loeb a November 26, 2024 Rule 11 letter and then, on the same day, presented and filed the same letter with the Court in violation of Rule 11's mandate that such a motion not be filed or presented to the Court during the safe harbor period. *See* Opp. at 4 and [ECF # 22-1]. For this reason alone, Defendants' contemplated motion would be frivolous.

Separately, Defendants' contemplated motion would be frivolous for a host of substantive reasons. While Defendants have purposefully misrepresented to this Court that the dispute relates to a single purported 200 Bitcoin "transaction" (*i.e.*, investment) between Defendant Rootstock and Plaintiff SDN subject to a claimed Early Contribution Agreement (Opp. at 2), a plain reading

of Plaintiffs' Complaint makes clear that Plaintiffs' claims relate to a number of transactions (but none a 200 Bitcoin investment by Plaintiff SDN). Accordingly, and given the frivolous nature of Defendants' contemplated motion, the Court should decline to exercise continuing jurisdiction over Loeb.

*Fourth* and finally, Defendants falsely state a claimed "delay" and, based upon this false premise, seek an Order directing Loeb to respond to Defendants' pre-motion letter request on Plaintiffs' behalf. However, where (as here) the attorneys' representation in respect to the action has been terminated by the client, courts recognize that the attorney has no authority to make any substantive filing on the former clients' behalf. As such, Defendants' final request must also be denied.

Accordingly, and for each of the reasons set forth more fully below, Loeb's motion to withdraw should be granted unconditionally.

## ARGUMENT

**I.     LOEB'S MOTION TO WITHDRAW WAS PROPERLY SUPPORTED**

Loeb's motion to withdraw [ECF #29-31], filed January 3, 2025 and served upon Plaintiffs that same day [ECF # 32], was supported by the sworn Declaration of Christopher Ott, Esq. [ECF # 30; the ("Ott Decl.")]. Therein, Loeb provided the reason for its withdrawal—the fact that Plaintiffs had terminated Loeb's representation in this action (with Plaintiffs further advising of their intent to engage substitute counsel). *See* ECF #30 (Ott Decl.) at ¶¶ 5-6. Plaintiffs have not opposed Loeb's withdrawal.

Defendants, however, oppose Loeb's motion arguing that Loeb was purportedly required to establish the reason for its withdrawal via the declaration of appearing counsel. *See* Opp. at 6-7. Defendants do not cite to any authority to support that request, and there is none.

3

Local Civil Rule 1.4, which governs motions for leave to withdraw, clearly and unambiguously provides in relevant part that counsel can withdraw "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal[.]" Because Local Rule 1.4 does not require an affidavit of counsel of record, Loeb made the requisite showing here. *See* ECF # 30 (Ott Decl.) at ¶ 5 (detailing that Plaintiffs relieved Loeb of its services in connection with this action); *see also Schwartz v. AMF Bowling Ctrs., Inc.*, No. 19-CV-7096, 2024 U.S. Dist. LEXIS 138113, at *7 (E.D.N.Y. Aug. 5, 2024) ("[C]ourts within this district have consistently held that, while Local Rule 1.4 requires a court order to withdraw, when a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances.") (citing *Limited Liability Company v. Bound ( In re M)*, No. CV 18-4242 (GRB) (ARL), 2020 U.S. Dist. LEXIS 267701, at *4 (E.D.N.Y. Oct. 16, 2020)), *adopted by*, 2024 U.S. Dist. LEXIS 151839 (E.D.N.Y. Aug. 23, 2024).

Accordingly, Loeb's motion to withdraw should be granted.

## II. LOEB'S WITHDRAWAL SHOULD NOT BE CONDITIONED UPON THE DISCLOSURE OF PRIVILEGED COMMUNICATIONS OR CLIENT CONFIDENCES

Defendants' opposition acknowledges that Loeb disclosed the basis for its withdrawal— the termination of its representation in this action. *See* Opp. at 7 (asserting that "the opposing party is entitled to know the 'basis for the motion'"). Defendants nonetheless ask the Court to impose the condition that Loeb disclose privileged and/or protected information not concerning the reason for its withdrawal, but the reason for its termination. But Defendants cannot justify a fishing expedition as to privileged and protected matters by their rank speculation and "suspicion" (*see* Opp. at 7) and, accordingly, the request should be denied.

There is no requirement in Local Rule 1.4 for Loeb to disclose privileged matters, nor do Defendants provide any legal support for such a request. To the contrary, where (as here) clients

4

terminate counsel's representation, counsel must withdraw, and the Courts have repeatedly granted withdrawal motions based upon termination without the need for the disclosure of privileged information. *See* 22 N.Y.C.R.R. § 1200.0, Rule 1.16(b)(3), (e) (providing that "a lawyer shall withdraw from representing a client when . . . the lawyer is discharged," and that the outgoing lawyer should "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client"); *see also Schwartz v. AMF Bowling Ctrs., Inc.*, No. 19-CV-7096, 2024 U.S. Dist. LEXIS 138113, at *8 (E.D.N.Y. Aug. 5, 2024) (recommending that counsel be permitted to withdraw based upon termination); *Steele v. Bell,* No. 11 Civ. 9343, 2012 U.S. Dist. LEXIS 180405, at *6-7 (S.D.N.Y. Dec. 19, 2012) (granting motion to withdraw based upon termination); *Casper v. Lew Lieberbaum & Co.*, 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, at *11 (S.D.N.Y. May 24, 1999) ("The Court's failure to issue an order [following termination of counsel] would, in effect, cause the formation of a new contract for representation.").

Accordingly, Loeb's motion to withdraw should be granted and Defendants' request for the disclosure of privileged matters denied.

### III. THE COURT SHOULD SIMILARLY DECLINE TO RETAIN JURISDICTION AS TO A KNOWINGLY FRIVOLOUS, HYPOTHETICAL FUTURE MOTION

Defendants' separate request that the Court "retain jurisdiction" over Loeb in respect to a hypothetical future sanctions motion should similarly be denied. No such motion is pending (nor could such a motion be made in good faith, as discussed below), nor have Defendants requested or been granted leave to file such a motion. Where, as here, a Defendant asserts a pre-answer and pre-hearing *factual* defense to claims, Courts recognize that such factual issues are not properly resolved via a sanctions motion. *See, e.g., Laba v. JBO Worldwide Supply Pty Ltd.*, 90 Civ. 3443 (AKH), 2021 U.S. Dist. LEXIS 123448, at *11 (S.D.N.Y. July 1, 2021) ("Defendants' sanctions motion disputing the validity of Mr. Liebenberg's signature is premature. The issue, whether Mr.

5

Liebengerg's signature is authentic and binding, is an issue of fact, not properly resolved on a motion for sanctions.").

In any event, Defendants' request should be summarily denied because the threatened motion is both procedurally and substantively defective. Indeed, the motion would be entirely frivolous and itself sanctionable. *See Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407 (S.D.N.Y.) ("[T]he filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions.") (*quoting* Advisory Committee's Note).

### A. Defendants' Proposed Motion Would Be Procedurally Improper and Frivolous

As a threshold matter, Defendants' contemplated sanctions motion would be procedurally defective. It is indisputable, and Defendants *admit* in opposition (Opp. at 4), that Defendants served a Rule 11 letter (*i.e.*, the motion) upon Loeb on November 26, 2024 and then wrongly "presented" the same "motion" to the Court on the same day by filing it [ECF # 22-1] in violation of the safe harbor provision of Rule 11. *See* Fed. R. Civ. P. 11(b) (providing that such motions should not be "filed or presented" to the court during the 21-day safe harbor period); *see also Lozano v. Peace*, No. 05 Civ. 0174, 2005 U.S. Dist. LEXIS 40360, at *5-6 (E.D.N.Y. Jul. 11, 2005) ("If a party files a Rule 11 motion for sanctions within the safe harbor period, sanctions are unavailable."; "Because [movant] has failed to comply with Rule 11's safe harbor provision by prematurely filing the sanctions motion within 21 days of serving the motion …, the motion for sanctions should be rejected."). For this reason alone, Defendants' contemplated motion would be frivolous, and Defendants' request that the Court retain jurisdiction for purposes of such an improper motion should be denied.

Separately and independently, Defendants' request for continuing jurisdiction should be denied because Defendants' letter-motion seeks to make certain factual arguments but fails to

6

include any competent evidence (via a sworn declaration or otherwise) as to the facts that Defendants falsely advance. By way of example only, Defendants attempt to advance the argument that a certain agreement purports to require arbitration, but Defendants have not established the authenticity of that document. Thus, Defendants' proposed motion is defective as an evidentiary matter. If Defendants were to attempt to file a *different motion*, the request for sanctions must be denied on that basis. *See Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 522 n.22 (E.D.N.Y. 2019) ("On August 9, 2017, Defendant sent Plaintiff a memorandum of law that it purportedly intended to file in connection with a prior motion for sanctions. . . That memorandum was never filed with the Court and raises arguments somewhat different than those presented in the motion that Defendant now brings. Thus, the delivery of the August 9, 2017 memorandum does not constitute service, in satisfaction of Rule 11(c)(2), of the same 'motion' that is now before the Court.").

### B.     Defendants' Proposed Motion Would Be Substantively Frivolous

Defendants' request that the Court exercise continuing jurisdiction over Loeb should also be denied because Defendants' contemplated motion is substantively frivolous.

Defendants (and their counsel) have repeatedly represented to this Court that the dispute relates to a single purported transaction/investment. *See* Opp. at 2. Indeed, while Defendants acknowledge that Plaintiffs have asserted claims based upon multiple transactions (*id.* at 4), Defendants attempt to advance the position that Plaintiffs purportedly could not have engaged in these other transactions because Defendants' RIF Tokens were not generated until a later date (November 9, 2018). *See id.* But Defendants' assertion is logically defective and confuses the issue of the date of Defendants' token sales and the date Defendants delivered the tokens. Defendants and their counsel know full well that Defendants sold hundreds of millions of RIF Tokens, via "private sales," prior to the token generation event on November 9, 2018, and one

7

need look no further than Defendants' own White Paper to confirm that fact. Thus, Defendants offer no basis for the dismissal of the claims arising from these transactions (let alone any basis for sanctions).

Separately, Defendants attempt to advance the argument that Plaintiff SDN is purportedly contractually obligated to arbitrate any claim related to SDN's purchase of 200 Bitcoin worth of RIF Tokens from Rootstock. But SDN has not made any claim related to a purported 200 Bitcoin investment (*see generally* ECF # 21 (Complaint) at ¶ 28(a)-(c)).

For each of the foregoing independent reasons, Defendants' proposed motion would be both procedurally and substantively defective and frivolous, and Defendants' request for the Court to exercise continuing jurisdiction over Loeb should be denied.

## IV. DEFENDANTS' REQUEST THAT LOEB BE DIRECTED TO RESPOND TO DEFENDANTS' PRE-MOTION LETTER SHOULD BE SUMMARILY DENIED BECAUSE LOEB HAS NO AUTHORITY TO DO SO

Finally,[1] Defendants' request that Loeb be directed to respond *on Plaintiffs' behalf* to Defendants' pre-motion conference request must be summarily denied because, as Loeb's representation in this action has been terminated by Plaintiffs, Loeb no longer has authority to so act on Plaintiffs' behalf. *See, e.g., Moyal v. Münsterland Gruppe GmbH & Co. KG*, 539 F. Supp.

---

[1] Although Loeb takes no position as to the timing and/or deadlines for Plaintiffs to secure substitute counsel (or for Mr. Nerayoff, an attorney duly admitted to the bar of New York, to file his appearance on behalf of Plaintiff SDN), Loeb does take issue Defendants contention that Plaintiffs have purportedly delayed these proceedings. Defendants' counsel argues that *after* Defendants removed the action from New York State Court, and *after* Defendants availed themselves of the procedure rules applicable in this Court, that Plaintiffs purportedly had an obligation *under New York's CPLR* to serve Plaintiffs' Complaint by a certain date. Defendants' counsel offers no authority for that proposition. Defendants' relief was to ask the Court to set such a deadline. They did, the Court set such a date, and Plaintiffs timely complied. On the other hand, it is the Defendants who have delayed these proceedings by, among other things, requesting a stay of the initial discovery conference pending service of the individual Defendants (*i.e.*, employees of the Defendant companies who will undoubtedly be represented by the same counsel). [ECF # 13].

8

3d 305, 310 (S.D.N.Y. 2021) (granting terminated counsel's motion to withdraw, holding that: "[Counsel] has complied with the requirements of Local Civil Rule 1.4 and shown satisfactory reasons for withdrawal in this action, since he no longer has authority to act on behalf of [client].").

## CONCLUSION

For each of the foregoing reasons, Loeb & Loeb LLP respectfully requests that the Court issue an Order (1) granting Loeb's motion to withdraw in the entirety and without condition and (2) denying each of Defendants' requests for relief.

Dated: January 17, 2025                                 LOEB & LOEB LLP

                                                   */s/ John Piskora*
                                                   John Piskora (jpiskora@loeb.com)
                                                   345 Park Avenue
                                                   New York, NY 10154
                                                   212.407.4082

240678605