**FILED**
**CLERK**
2/18/2025 12:47 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
SDN LIMITED, et al.,          *   Case No. 24-CV-06089(JMA)
                              *
          Plaintiffs,         *   Long Island Federal
                              *    Courthouse
                              *   100 Federal Plaza
     v.                       *   Central Islip, NY  11722
                              *
IOV LABS LIMITED, et al.,     *   January 27, 2025
                              *
          Defendants.         *
                              *
* * * * * * * * * * * * * * * *
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:        JOHN ANTHONY PISKORA, ESQ.
                           Loeb and Loeb
                           345 Park Avenue
                           New York, NY  10154

For the Defendants:        MARIO O. GAZZOLA, ESQ.
                           Quinn Emanuel Urquhart &
                            Sullivan, LLP
                           295 5th Avenue
                           New York, NY  10016

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**Shelton, CT 06484 (203)732-6461**

1        (Proceedings commenced)
2                THE CLERK: Calling case no. 24-CV-6089, SDN
3     Limited et al. vs. IOV Labs Limited, et al.
4                Attorneys, please state your appearances for the
5     record.
6                MR. PISKORA: Good afternoon, Your Honor. John
7     Piskora, of Loeb and Loeb, for the movant on this motion.
8     And secondly on the phone is plaintiff Steven Nerayoff, who
9     is also the principal of SDN Limited.
10               THE COURT: Good afternoon. Anybody else on the
11    line.
12               MR. GAZZOLA: Good afternoon, Your Honor. This is
13    Mario Gazzola, from Quinn Emanuel, on behalf of Rootstock
14    Labs, which is the present name for defendant IOV Labs and
15    RIF Labs, and I'm also here on behalf of RSK Labs, which is
16    another one of the defendants.
17               THE COURT: Good afternoon. Anybody --
18               MR. NERAYOFF: This is Steve Nerayoff. I'm the
19    principal of SDN Limited. I'm the plaintiff in the action.
20               THE COURT: Good afternoon. We've got counsel for
21    movant on the phone. Also your client. I do have the papers
22    before me. I'm just going to have counsel briefly put on the
23    record the reason for requesting that you be let off this
24    case.
25               MR. PISKORA: John Piskora, of Loeb and Loeb, the

3

1  moving law firm.

2  The basis for the motion is fairly straight

3  forward.  The firm's representation in connection with this

4  action has been terminated.  So we have an ethical obligation

5  to promptly move to withdraw, which we have on that basis.

6  Mr. Nerayoff has been advised of the motion and

7  served with it. I've been working with his other outside

8  counsel to make a referral for new counsel in the case.  He

9  may correct me but so far that new counsel hasn't yet been

10 engaged.  And that's the status of the motion.

11 As to the action, we're in a lull period right now

12 because one of the defendants in the case is a foreign

13 defendant that has to be served pursuant to the Hague

14 Convention.  That service went out quite a while ago but we

15 haven't heard back.  And that's an Argentinean service.  So

16 we're hopeful that we hear in the coming months on that.

17 THE COURT:  All right.  I believe there's

18 opposition to this motion. Is that correct?

19 MR. PISKORA:  That's correct.  This is John Piskora

20 again.

21 The defendants --

22 THE COURT:  Well, is the defendant on the phone

23 who's opposing this motion?

24 MR. PISKORA:  Yes, Your Honor.

25 Mr. GAZZOLA:  Good afternoon, Your Honor.  Mario

4

1     Gazzola on behalf of defendants.

2         We have opposed this motion. Your Honor, not to
3 take a position on whether the Loeb firm should ultimately be
4 allowed to withdraw, but we're asking for three pretty narrow
5 things.

6         First, given the time of the motion to withdraw
7 I'll be very brief. But we sent counsel and plaintiffs a
8 Rule 11 notice on November 26 about certain statements in the
9 complaint that we contend are demonstrably false. The 21-day
10 clock to respond to that Rule 11 notice before we could file
11 a motion was December 17th.

12         The day before that deadline on December 16th
13 instead of responding or withdrawing those allegations,
14 counsel filed a letter motion seeking to withdraw.

15         So the timing of that termination the day before
16 the 21-day clock ran out raises serious questions for us.
17 And it's not just that they moved to withdraw the day before.
18 Counsel representing plaintiffs in this action also
19 represents plaintiffs in different actions and they continue
20 to represent them in those actions.

21         So it suggests that the reason for termination
22 isn't something like a breakdown in the relationship between
23 counsel and the client or non-payment. If that were the
24 case, we would expect the firm to have withdrawn from the
25 other matter as well. Instead they've been (indiscernible)

1       on (indiscernible) behalf in those other matters.
2                   So, Your Honor, what we're asking is we believe
3       we're entitled to know the basis for the motion to withdraw.
4       And just saying we were terminated in these circumstances we
5       don't believe is enough.
6                   And even in cases cited by counsel in their reply,
7       the *Kasper* case and the *Steel* case, in those cases counsel
8       that was terminated gave reasons for the termination.  So in
9       the *Kasper* case counsel said there were irreconcilable
10      differences, insults, lying foul language.  In the *Steel* case
11      counsel said they were terminated because the party exhausted
12      its resources.
13                  So what we're asking here, Your Honor, is for the
14      court to direct counsel or the plaintiffs to give a little
15      bit more detail.  That can either be today or to Your Honor
16      under seal.
17                  If it is the fact that the Rule 11 notice has any
18      aspects -- has any influence over why counsel is being
19      terminated, we believe we should be entitled to know before
20      we have to spend resources responding to a complaint that
21      contains what we believe are false statements.
22                  THE COURT:  You've got a Rule 11 motion, a request
23      to move.  That's before the district judge.  So that's not
24      mine anyway.
25                  As the client's on the phone (indiscernible) can

1   you just represent to me that you have terminated your
2   relationship with Loeb and Loeb?  May I ask the client to put
3   that on the record?  Just yes or no, have you terminated your
4   relationship with that lawyer?
5           MR. NERAYOFF:  As to this matter, yes.
6           THE COURT:  Yes.
7           MR. NERAYOFF:  Yes.
8           THE COURT:  Okay.  The client has terminated their
9   relationship with this lawyer. I'm going to grant the motion
10  of the lawyer to be removed from this case.
11          I want to advise the client -- it's important
12  you're on the line now because it's important that you know
13  that the entity cannot be -- represent itself.  You must get
14  a lawyer to represent an entity for you in this court.
15          So it sounds like you're already in touch with
16  another lawyer.  That's great.  I am going to give you 60
17  days in which to obtain new counsel.  And I'm putting on the
18  record the warning if you do not obtain new counsel, there is
19  a chance your client will be in default in this case.  So I
20  just want to make that clear.  This will be put on the
21  docket.
22          I'm going to ask outgoing counsel as your last
23  task, once this is on the docket, I'm going to ask you to
24  serve a copy of my order upon your client and put proof of
25  service on the docket so I know that they know about it.

1       And, again, 60 days from today to obtain new
2  counsel.  No opinion is expressed by this court regarding
3  anything -- Rule 11 or anything else that's before the
4  district court.
5       But as far as I'm concerned, this lawyer has been
6  fired and he can no longer represent the client and that's
7  all that (indiscernible).
8       So the motion's granted.  Thank you all for
9  appearing.
10      MR. PISKORA:  Thank you, Your Honor.
11   (Proceedings concluded)
12   I, CHRISTINE FIORE, Certified Electronic Court Reporter
13 and Transcriber, certify that the foregoing is a correct
14 transcript from the official electronic sound recording of
15 the proceedings in the above-entitled matter.

*Christine Fiore*

19                                           February 17, 2025
20   Christine Fiore, CERT
21       Transcriber