# IEVGENIIA P. VATRENKO, ESQ.

2 NORTHSIDE PIERS, BROOKLYN NY 11249
Tel: 718 451 6384 • jenny@vatrenkoesq.com

August 22, 2025

**VIA ECF**

Magistrate Judge Anne Y. Shields
100 Federal Plaza
Central Islip, NY 11722

Re: *SDK Limited et al. v. IOV Labs Limited et al.*, **Case No. 2:24-cv-6089**

Dear Judge Shields:

I represent Plaintiffs SDK Limited and Steven Nerayoff in the above-referenced case. I write pursuant to Your Practice Rules, Rule X.C to request a pre-motion conference in connection with Plaintiffs' Motion for Leave to File First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

By way of a brief background, this case involves a cryptocurrency fraud scheme where Plaintiffs Steven Nerayoff and his company SDN Limited were deceived into investing 1,555 Bitcoin (worth tens, if not hundreds, millions of dollars) in RIF tokens during a 2018 pre-sale. The defendants, including RSK Labs, IOV Labs, and their executives Diego Zaldivar and Alex Cobo, made false representations at meetings with Mr. Nerayoff in New York and elsewhere, claiming that the RIF blockchain was a fully functional Bitcoin sidechain with smart contract capabilities, that they had strategic partnerships in place, and that investor funds would be used exclusively for blockchain development. In reality, those representations were knowingly false: the claimed partnerships didn't exist, and the funds were diverted to enrich the defendants rather than develop the technology, causing the plaintiffs' investments to lose over 90% of their value.

On November 5, 2024, Plaintiffs filed their initial Complaint in this action asserting fraud and aiding and abetting fraud claims against Defendants arising from the fraudulent offer and sale of RIF Tokens. (ECF 21.) My predecessor counsel subsequently withdrew their representation, and I appeared in the case on March 27, 2025. (ECF 39.) From the time of my appearance in the case, Plaintiffs have conducted further investigation into the allegations in the Complaint, including review of documents and investigation of how Defendants used the investor funds. I have also conferred with Defendants' counsel regarding the allegedly inaccurate allegations in the Complaint. Based on that investigation, Plaintiffs would like to make several factual corrections and add two causes of action to the original Complaint. Because Defendants do not stipulate to the proposed amendments, Plaintiffs now request a pre-motion conference to seek the Court's leave to file their First Amended Complaint.

The proposed amendments add two additional causes of action – unjust enrichment and accounting – and add factual allegations that clarify and support Plaintiffs' existing fraud claims as well as correct inadvertent misstatements of fact in the original Complaint. Specifically, the amendments add: (a) additional details about Defendants' misuse of investor funds, including the purchase of Taringa, a social media network owned by IOV's founders; (b) a Fourth Cause of Action for Unjust Enrichment based on Defendants' retention of Plaintiffs' 1,555 Bitcoin; and (c) a Fifth Cause of Action for Accounting to determine how Defendants used the investor funds. These amendments are based on information obtained through Plaintiffs' continued investigation and are necessary to ensure complete relief for the fraudulent scheme perpetrated by Defendants.

Generally, leave to amend should be freely given if the proposed amendment raises at least colorable grounds for relief. *Gracia v. City of New York*, No. 16-cv-7329, 2017 WL 4286319, at *2 (S.D.N.Y. Sept. 26, 2017). Here, the proposed additional causes of action are colorable and legally cognizable claims. Second, an amendment should only be denied for legitimate reasons such as bad faith or dilatory motive on the part of the movant or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party. *D.C.R. Trucking & Excavation, Inc. v. Aetna Cas. And Sur. Co.*, No. 96-cv-3995, 2002 WL 32096594, at *8 (E.D.N.Y. Oct. 31, 2002) (internal citations omitted). None of these three conditions are present in this action.

Plaintiffs did not unduly delay their request for leave to amend because they are filing this motion before discovery began. This case is still in its earliest stages. Defendants have not yet filed an answer to the original Complaint. No discovery has been conducted, no depositions have been taken, and no scheduling order has been entered. Defendants will not be unduly prejudiced by the amendments because Plaintiffs are seeking to amend early in the litigation, and Defendants had notice of the factual allegation giving rise to Plaintiffs' added causes of action. The proposed amendments arise from the same core facts as the original Complaint, namely, Defendants' fraudulent scheme to induce investment in RIF Tokens through material misrepresentations about the blockchain's functionality and use of investor funds. For the foregoing reasons, Plaintiffs hereby request a pre-motion conference in connection with Plaintiffs' Motion for Leave to File First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

Respectfully submitted,

_____
Ievgeniia P. Vatrenko, Esq.

cc: All counsel of record via CM-ECF