quinn emanuel trial lawyers | new york
295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

August 22, 2025

**VIA ECF**

WRITER'S DIRECT DIAL NO.
**(212) 849-7102**

WRITER'S EMAIL ADDRESS
**mariogazzola@quinnemanuel.com**

Magistrate Judge Anne Y. Shields
100 Federal Plaza
Central Islip, NY 11722

Re: *SDN Limited v. IOV Labs Limited*, Case No. 2:24-cv-06089

Dear Your Honor:

We write on behalf of Defendants Rootstock Labs Limited ("**Rootstock**", the present name for IOV Labs Limited and RIF Labs Limited) and RSK Labs Limited ("**RSK**") in response to Plaintiffs' letter seeking a pre-motion conference in connection with Plaintiffs' Motion for Leave to File First Amended Complaint. ECF No. 43. Defendants respectfully request that Plaintiffs' request to file a motion to amend be denied, or, in the alternative, be held in abeyance until the Court addresses Defendants' pending request to file a motion to dismiss on threshold issues including arbitrability and personal jurisdiction. ECF No. 22.

As set forth in Defendants' request to file a motion to dismiss, this case does not belong in the United States. ECF No. 22. Plaintiffs' claims concern SDN's (a Cayman Islands entity) purchase of RIF Tokens from Rootstock (a Gibraltar entity). Nerayoff first approached Rootstock in early 2018 seeking to purchase RIF Tokens, but Rootstock turned him down—due to uncertainty surrounding U.S. cryptocurrency regulations, Rootstock refused to sell any RIF Tokens to U.S. entities or individuals. Nerayoff instead proposed an alternative solution, stating in an email to Rootstock personnel: "*To alleviate any regulatory concerns there wouldn't be any US investors as all the contributions would be from a foreign entity*. I already allocated to very strategic investors such as ethereum cofounders etc and *put 1150 BTC into a cayman entity* in anticipation if that helps." ECF No. 22-1 at 6. That "[C]ayman entity" was SDN. But Rootstock still refused to sell to SDN if Nerayoff was its beneficial owner. So to further allay Rootstock's concerns, SDN's tax advisors provided documentation indicating that on March 1, 2018, Nerayoff had transferred his ownership interests in SDN to a Russian national, Yury Smolyar. ECF No. 22-1 at 10.

Following that transfer of ownership, pursuant to an Early Contribution Agreement ("ECA") that SDN executed on June 15, 2018, **SDN**—not Nerayoff—purchased 2,800,000 RIF tokens for 200 bitcoins (approximately $1.2 million at the time). Critically, the ECA contained a mandatory arbitration provision in which SDN agreed to waive the right "to have *any and all Disputes arising from or related to this Agreement* resolved in a court," and instead, agreed to "arbitrate Disputes through binding arbitration" in Gibraltar. ECF No. 22-1 at 33.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

In an apparent attempt to side-step the ECA and fraudulently manufacture jurisdiction in this Court, Nerayoff asserts that on June 19, 2018, he "personally purchased 2,800,000 RIF tokens directly from [Rootstock]." Compl. ¶ 28(d).

This allegation and others were demonstrably false, and were the subject of a Rule 11(c)(2) letter Rootstock sent Plaintiffs on November 26, 2024. On December 16, 2024—the day before Rootstock could file a motion for sanctions upon expiration of the Rule 11(c)(2) safe harbor—Plaintiffs' initial counsel moved to withdraw from the case. ECF No. 26.

Plaintiffs' current counsel has since conceded that "several factual corrections" to the Complaint are necessary. ECF No. 43 at 1. However, Plaintiffs' counsel shared a draft amended complaint with Defendants, and it fails to correct the vast majority of false statements, including most importantly, the statement about Nerayoff's purported purchase of RIF tokens. In any event, if the amendment solely corrected false statements, even if Plaintiffs chose not to correct all of them, Rootstock would have consented to the amendment and reserved rights on Rule 11.

Instead, in the nearly five months since Plaintiffs engaged new counsel, Plaintiffs appear to have used that time to brainstorm and fabricate additional claims, all of which must also be arbitrated, if they can be asserted at all. Indeed, each of Plaintiffs' purported new claims are futile because they are subject to a binding arbitration agreement. *Kutluca v. PQ N.Y. Inc.*, 266 F. Supp. 3d 691, 704-05 (S.D.N.Y. 2017). They are also futile because each claim is barred by the applicable statute of limitations. *Neal v. Wilson*, 239 F. Supp. 3d 755, 758 (S.D.N.Y. 2017). The challenged transactions occurred between May 29, 2018 and June 19, 2018. Compl. ¶ 28. The statute of limitations in New York for claims of unjust enrichment or for an accounting is six years. *Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001) (citing CPLR 213(1), (7). Accordingly, the statute of limitations expired on June 19, 2024. And while the original summons with notice was filed on May 3, 2024, ECF No. 1-2, the Complaint was not filed within the 20-day deadline set by CPLR 3012(b), and was not accompanied by an affidavit proffering reasonable excuse. *See JL Collier Corp. v. Wells Fargo Bank, N.A.*, 127 A.D.3d 1026, 5 N.Y.S.3d 884 (2d Dep't 2015) (reversing supreme court and granting defendant's motion to dismiss under CPLR 3012(b) because plaintiffs failed to proffer a reasonable excuse for their failure to serve a complaint within twenty days after service of the demand for the complaint). Accordingly, because Plaintiffs failed to timely file a complaint pursuant to CPLR 3012(b), they cannot rely upon the default rule that allegations in a complaint relate back to the filing of the summons with notice.

For nearly a year now, Rootstock has been subjected to the time and expense of having to litigate in a forum with which it has no connection, in violation of a valid and enforceable arbitration agreement. Plaintiffs have delayed again and again, including most recently missing the deadline they set for themselves to move to amend. *See* ECF No. 42 (promising to move to amend on or before August 21, 2025); *see also* ECF No. 13 (noting Plaintiffs failure to file a full complaint by September 19, 2024); ECF No. 21 (filing of full complaint forty-seven days late); ECF No. 23 (failing to respond to Rootstock's pre-motion conference letter to move to dismiss). For these reasons, Rootstock respectfully requests that Plaintiffs' request to file a motion to amend be denied without prejudice, or at a minimum, be held in abeyance until Rootstock's request to file a motion to dismiss is granted, and the Court issues a ruling on that motion, which may obviate the need to resolve Rootstock's motion to amend, thus conserving party and judicial resources.

Sincerely,

*/s/ Mario O. Gazzola*

Mario O. Gazzola

CC: All counsel of record