**IEVGENIIA P. VATRENKO, ESQ.**
2 NORTHSIDE PIERS, BROOKLYN NY 11249
Tel: 718 451 6384 • jenny@vatrenkoesq.com

January 26, 2026

**VIA ECF**

Honorable Joan M. Azrack
United Stated District Court, E.D.N.Y.
100 Federal Plaza Central
Central Islip, NY 11722

*Re:* *SDN Limited et al. v. IOV Labs Limited et al.*, **Case No. 2:24-cv-6089**

Dear Judge Azrack:

I represent Plaintiffs SDN Limited and Steven Nerayoff in the above-referenced case. I respectfully submit this letter in opposition to Defendants' January 23, 2026 request for leave to file a supplemental declaration in support of their motion to compel arbitration and dismiss the Complaint (Dkts. 61-62). Defendants' request should be denied because it is untimely, unsupported by good cause, and seeks to introduce new evidence designed to bolster a reply brief that has already been filed.

Defendants served their motion to dismiss and compel arbitration on October 24, 2025 (Dkt. 46), together with the original declaration of Alex Feldman dated October 23, 2025 (Dkt. 49). Plaintiffs served their opposition on November 21, 2025 (Dkt. 51), along with the Declaration of Steven Nerayoff (Dkt. 52). Defendants served their reply on December 19, 2025 (Dkt. 54). The motion briefing was therefore complete as of December 19, 2025.

More than one month after the reply deadline, on January 23, 2026, Defendants now seek leave to file a "supplemental" declaration from Feldman (Dkt. 62). Defendants claim that they "worked diligently" with Feldman's counsel but "were unable to secure his supplemental declaration in time to file with the reply." Dkt. 61 at 2. This explanation is insufficient to warrant leave for an untimely filing.

### I.   DEFENDANTS HAVE NOT DEMONSTRATED GOOD CAUSE

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Courts in this Circuit apply a multi-factor test examining: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, Defendants fail to satisfy this standard.

The Second Circuit applies a "hard line" in evaluating whether a party has demonstrated excusable neglect, and Defendants' vague assertion that they "worked diligently" falls far short of the required showing. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir.

2003). Under the this Circuit's precedent, the reason for the delay is the most critical factor, and courts have consistently held that "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule'" and that "where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch*, 333 F.3d at 366-67.

Defendants' explanation that they "worked diligently" but were "unable to secure" the declaration "in time" is the type of conclusory, unsupported assertion that courts routinely reject. *See Pioneer*, 507 U.S. at 392 ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). As multiple courts have observed, if such a bare assertion were sufficient, "it [would be] hard to fathom the kind of neglect that we would not deem excusable." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000); *see also In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (affirming denial of extension where attorney inadvertently miscalendared deadline, noting that "attorney inadvertence is not excusable neglect" absent extraordinary circumstances).

Because obtaining a supplemental declaration from a known witness, with whom Defendants have been in touch for months before filing their motion, was within Defendants' reasonable control, their failure to do so before the reply deadline, or to seek an extension of that deadline in advance, cannot constitute excusable neglect under this Circuit's demanding standard.

## II. PLAINTIFFS WOULD BE PREJUDICED

Permitting the supplemental declaration would substantially prejudice Plaintiffs. The supplemental Feldman Declaration introduces new text message evidence (Exhibits A through G) that was not part of the original motion papers and to which Plaintiffs have had no opportunity to respond. Granting Defendants' request would effectively give them a second reply brief in the form of "evidence," while denying Plaintiffs any opportunity to challenge or respond to that evidence.

Moreover, the text messages Defendants now seek to introduce raise questions of context, authenticity, and interpretation that cannot be assessed on a cold record. Feldman's characterizations of these messages, including his interpretation that "he" in one message "refers to Mr. Nerayoff" (Feldman Supp. Decl. ¶ 4), are self-serving interpretations that require adversarial testing.

## III. THE SUPPLEMENTAL DECLARATION DOES NOT SAY WHAT DEFENDANTS CLAIM

Defendants' letter implies that Mr. Nerayoff's declaration is somehow deficient because it did not attach exhibits. Dkt. 61 at 1 (characterizing the Nerayoff Declaration as attaching "no documentary evidence of any kind"). This criticism is meritless. Mr. Nerayoff's declaration establishes that he never authorized Feldman, MF Tax Group, or anyone else to act as his agent, execute agreements on his behalf, or bind SDN Limited to any obligations. Nerayoff Decl. ¶¶ 8–15. One cannot attach exhibits to prove a negative because there are no documents memorializing authority that was never granted. The absence of such documents is itself evidence supporting Mr. Nerayoff's sworn testimony.

Importantly, the text messages attached to Feldman's supplemental declaration do not support Defendants' sweeping characterizations. Defendants claim that these exhibits show that Mr. Nerayoff "requested that Feldman deal with Defendants, repeatedly followed up for updates, and was informed that Feldman 'solved' the issue." Dkt. 61 at 2. But the actual text messages say no such thing.

Critically, *none* of the text messages reference: (1) replacing Mr. Nerayoff as SDN's principal; (2) transferring ownership of SDN to Yury Smolyar or anyone else; (3) authorizing Feldman or MF Tax Group to execute the ECA or any other agreement; or (4) creating the MF Tax Group letter that Defendants rely upon to support their arbitration argument. The messages discuss general matters relating to cryptocurrency investments and RSK's launch timeline. They do not establish that Mr. Nerayoff authorized anyone to bind SDN to an arbitration agreement or to misrepresent SDN's ownership structure to Defendants.

Feldman's own interpretation of the messages requires significant inferential leaps. For example, Feldman states that Daniel Schwartz's text message requesting "a tax document for the cayman entity" was made "on Mr. Nerayoff's behalf," and that "he" in that message "refers to Mr. Nerayoff." Feldman Supp. Decl. ¶ 4. But nothing in the text message itself identifies who "he" is, and the message says nothing about executing agreements, creating false ownership documents, or authorizing agency relationships. Feldman's interpretive gloss cannot substitute for actual evidence of authorization.

### IV. THE SUPPLEMENTAL DECLARATION IS IMPROPER REBUTTAL

The substance of the supplemental declaration underscores why it should be rejected. Defendants admit that they procured this declaration specifically "[f]ollowing review of Nerayoff's declaration." Dkt. 61 at 1. This is, therefore, rebuttal evidence that does not belong in a post-briefing supplemental filing. To the extent that Defendants' supplemental declaration goes beyond rebutting Mr. Nerayoff's Declaration and introduces new facts bearing on the merits of the dismissal and arbitration questions, its consideration requires conversion of the motion to compel arbitration into a summary judgment-like proceeding. Under Fed. R. Civ. P. 12(d), where matters outside the pleadings are presented, the court must either exclude the extraneous materials or convert the motion. If the Court is inclined to consider this evidence, Plaintiffs respectfully request the opportunity to conduct limited discovery and respond.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for leave to file the supplemental declaration. In the alternative, if the Court is inclined to consider the supplemental declaration, Plaintiffs respectfully request leave to file a responsive declaration and to conduct limited discovery regarding the matters raised therein.

Respectfully submitted,

_____
Ievgeniia P. Vatrenko, Esq.
*Attorney for Plaintiffs SDN Limited and Steven Nerayoff*

cc: All counsel of record via CM-ECF