**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SDN LIMITED and STEVEN NERAYOFF,

               Plaintiffs,

               -against-

IOV LABS LIMITED,
RIF LABS LIMITED,
RSK LABS LIMITED,
DIEGO GUTIERREZ ZALDIVAR, and
ALEJANDRO MARIA ABERG COBO
a/k/a ALEX COBO,

               Defendants.

Case No. 2:24-cv-06089-JMA-AYS

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## IEVGENIIA P. VATRENKO'S MOTION TO WITHDRAW AS COUNSEL

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky
Mario O. Gazzola

295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
mariogazzola@quinnemanuel.com

*Attorneys for IOV Labs Limited, RIF Labs
Limited, and RSK Labs Limited*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT .............................................................................................................................4

I.  COUNSEL'S MOTION TO WITHDRAW SHOULD BE DENIED UNTIL
    REPLACEMENT COUNSEL IS IN PLACE ................................................................4

    A.  Counsel Offers No Satisfactory Reasons For Withdrawing ....................................4

    B.  Withdrawal Will Disrupt The Proceedings And Prejudice The Parties ...................8

    C.  Courts Condition Withdrawal On Securing Substitute Representation In
        Similar Circumstances............................................................................................10

II. THE COURT SHOULD RETAIN JURISDICTION OVER COUNSEL FOR
    SANCTIONS ............................................................................................................11

CONCLUSION.........................................................................................................................12

i

**Page**

**Cases**

*Allstate Ins. Co. v. Spina*,
2020 WL 7753266 (S.D.N.Y. July 27, 2020).................................................................5

*Aurora Loan Servs. LLC v. Wider*,
2012 WL 13239722 (E.D.N.Y. Nov. 13, 2012) .......................................................5, 10, 11

*Boca View Condo. Ass'n, Inc. v. Lepselter*,
2023 WL 7101222 (S.D. Fla. Oct. 27, 2023) ...............................................................12

*Bruce Lee Enters., LLC v. A.V.E.L.A., Inc*.,
2014 WL 1087934 (S.D.N.Y. Mar. 19, 2014).............................................................4, 8

*City Merch. Inc. v. Tian Tian Trading Inc*.,
2021 WL 119075 (S.D.N.Y. Jan. 13, 2021) ...................................................................6

*Constance v. Pepsi-Cola Bottling Co. of New York*,
2005 WL 8157059 (E.D.N.Y. Apr. 7, 2005) ...................................................................5

*Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
2003 WL 22227956 (S.D.N.Y. Sept. 26, 2003) ...........................................................12

*Goolden v. Wardak*,
2025 WL 2371539 (S.D.N.Y. Aug. 15, 2025).................................................................6

*Heaston v. City of New York*,
2022 WL 2106267 (E.D.N.Y. June 10, 2022).............................................................7, 8

*James v. Enter. Ass'n of Steamfitters Loc. 638*,
2009 WL 10706010 (E.D.N.Y. Nov. 23, 2009) ...........................................................6, 9

*Lemonier, Inc. v. Sojuzplodoimport, PepsiCo, Inc*.,
1990 WL 116760 (S.D.N.Y. Aug. 3, 1990)....................................................................9

*Mario Valente Collezioni, Ltd. v. Semeraro*,
2004 WL 1057790 (S.D.N.Y. May 10, 2004) ................................................................8

*Mintz Fraade L. Firm, P.C. v. Brady*,
2021 WL 1759003 (S.D.N.Y. May 4, 2021) ..................................................................7

*Nerayoff v. StormX Global SEZC, Inc.*,
Index No. 618611/2023, Dkt. No. 130 (N.Y. Sup. Ct. Nassau Cty. Jan. 8, 2025)....................3

*Orsini v. Albany Taxi, Inc.*,
  1991 WL 156379 (S.D.N.Y. Aug. 8, 1991) ................................................................ 11

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
  2025 WL 449545 (S.D.N.Y. Jan. 29, 2025) ............................................................... 11

*U.S. ex rel. Polansky v. Pfizer, Inc.*,
  2009 WL 1456582 (E.D.N.Y. May 22, 2009) ............................................................. 9

*Rophaiel v. Alken Murray Corp.*,
  1996 WL 306457 .................................................................................................... 8, 10

*S.E.C. v. Great Am. Techs., Inc.*,
  2009 WL 4885153 (S.D.N.Y. Dec. 15, 2009) .......................................................... 8, 10

*S.E.C. v. Pentagon Cap. Mgmt. PLC*,
  2012 WL 3065981 (S.D.N.Y. July 25, 2012) .......................................................... 10, 11

*S.E.C. v. Smith*,
  798 F. Supp. 2d 412 (N.D.N.Y. 2011) ........................................................................ 9

*Stair v. Calhoun*,
  722 F. Supp. 2d 258 (E.D.N.Y. 2010) ...................................................................... 9, 10

*United States v. Ashburn*,
  2015 WL 2179794 (E.D.N.Y. May 8, 2015) ............................................................... 5

*United States v. O'Neil*,
  118 F.3d 65 (2d Cir. 1997) .......................................................................................... 6

*United States v. Parker*,
  439 F.3d 81 (2d Cir. 2006) .......................................................................................... 5

*United States v. Polanco*,
  2013 WL 5126661 (E.D.N.Y. Sept. 12, 2013) ........................................................... 7

*Weiss v. Yotta Techs., Inc.*,
  2024 WL 4285849 (S.D.N.Y. Sept. 25, 2024) ............................................................ 7

## <u>Other Authorities</u>

Fed. R. Civ. P. 11 ...................................................................................................... *passim*

N.Y. C.P.L.R. 305(b) ......................................................................................................... 2

N.Y. C.P.L.R. 3012(b) ....................................................................................................... 2

Rootstock Labs Limited ("Rootstock," the present name for IOV Labs Limited and RIF Labs Limited), and RSK Labs Limited ("RSK") respectfully submit this memorandum of law in opposition to Ievgeniia P. Vatrenko, Esq.'s motion to withdraw as counsel of record for Plaintiffs SDN Limited ("SDN") and Steven Nerayoff (together, "Plaintiffs").[1]

## PRELIMINARY STATEMENT

Plaintiffs' counsel, Ievgeniia P. Vatrenko, seeks to avoid liability for a situation of her own making. Ms. Vatrenko knew, before agreeing to appear as Plaintiffs' new counsel, that a Rule 11 motion was served against Plaintiffs and prior counsel for alleging false statements in the Complaint. Dkt. 33 at 5, 8. She took on the representation anyway, collecting $21,102.87 in fees and invoicing over $35,000. Dkt. 68-1 ¶ 6. Despite representing to the Court that she "intend[ed] to amend the complaint to correct several factual inaccuracies," Dkt. 41, Ms. Vatrenko never did so. *Compare* Dkt. 21 (Compl.) ¶¶ 28(a)-(d), 31, *with* Dkt. 58-1 (Amended Compl.) ¶¶ 29(a)-(d), 32. Now, facing a Rule 11 motion of her own—for perpetuating false statements in the Amended Complaint, Dkt. 58-1, and filing false statements in the Nerayoff declaration, Dkt. 52—Ms. Vatrenko seeks to abandon the case. Dkt. 68-1 ¶¶ 9, 16; Dkt. 68-2 at 1, 4-5. She should not be permitted to withdraw as counsel until a replacement is identified.

Whatever interest Ms. Vatrenko has in withdrawing is outweighed by Defendants' interests in protecting their rights in this long-litigated case. This matter—which should never have been filed—has been pending for over two years, including due to Plaintiffs' first counsel withdrawing under similar circumstances following being served with a Rule 11 notice. *See* Dkt. 22-1; Dkt. 26

---

[1]  Rootstock and RSK, and counsel acting on its behalf do not waive any and all defenses, including, without limitation, all defenses available under the Federal Rules of Civil Procedure, and do not submit to jurisdiction. In particular, the Rootstock Defendants do not waive any defenses relating to personal jurisdiction, venue, or arbitrability, and do not concede that the United States District Court for the Eastern District of New York is the proper forum for this dispute.

at 1.  Defendants' legal interest in a prompt adjudication cannot be further infringed.  Ms. Vatrenko knew that a Rule 11 motion was foreseeable at the time she undertook the conduct now at issue.  Ms. Vatrenko's motion should be conditioned on her remaining as counsel of record for Plaintiffs until replacement counsel has appeared and the Court is satisfied that the transition will not further delay resolution of the case.

## BACKGROUND

Ms. Vatrenko hopes to repeat the same playbook as Plaintiffs' prior counsel, Loeb & Loeb, LLP ("Loeb").

On May 3, 2024, SDN and Nerayoff commenced this action in Supreme Court, Nassau County, by Summons With Notice under CPLR 305(b).  Dkt. 1-2.  Defendants were served August 2 and August 12, 2024.  Dkt. 1 ¶ 8.  Defendants removed the action on August 30, 2024, Dkt. 1, and demanded a complaint within twenty days under CPLR 3012(b).  Dkt. 8.  Plaintiffs ignored the deadline.  Dkt. 23 at 1.  Plaintiffs did not file a complaint until November 5, 2024, Dkt. 21— forty-seven days after the September 19, 2024 deadline, Dkt. 8, and only after the Court ordered them to do so by that date, Docket Sheet at 3 (Oct. 16, 2024 Order).

The original Complaint Loeb filed, Dkt. 21, was false on its face.  It alleged Nerayoff personally purchased 2,800,000 RIF Tokens for 200 Bitcoin, Dkt. 21 ¶ 28(d), when the ECA— which Loeb received, Dkt. 22-1 at 2—showed the purchaser was SDN, not Nerayoff.  Dkt. 22-1 at 2-3, 52.  It alleged SDN bought RIF Tokens in May and June 2018, Dkt. 21 ¶ 28(a)-(c), when the tokens were not generated until November 9, 2018, Dkt. 22-1 at 3.  It alleged the RIF blockchain launched on Ethereum, Dkt. 22 ¶ 31, when Rootstock was in fact a Bitcoin sidechain.  Dkt. 22-1 at 3.  Defendants served a Rule 11 notice on November 26, 2024, with the 21-day safe-harbor period running to December 17, 2024.  Dkt. 22-1 at 2; *see* Dkt. 33 at 5.

Loeb did not withdraw the original Complaint. *See* Dkt. 29-31 (seeking withdrawal as counsel only). Instead, one day before the safe-harbor deadline, Loeb requested a pre-motion conference to withdraw as counsel, Dkt. 26, and moved to withdraw on January 3, 2025, Dkt. 29, while continuing to represent Nerayoff in other litigation. *See* Dkt. 33 at 10 (citing *Nerayoff v. StormX Global SEZC, Inc.*, Index No. 618611/2023, Dkt. No. 130, (N.Y. Sup. Ct. Nassau Cty. Jan. 8, 2025)). The Court granted Loeb's withdrawal on January 27, 2025. Docket Sheet at 4 (Jan. 27, 2025 Order). Plaintiffs then had no counsel of record for two months. *Id.;* Dkt. 39.

Ievgeniia Vatrenko appeared for Plaintiffs on March 27, 2025. Dkt. 39. Nearly four months later, on July 25, 2025, she represented to the Court that Plaintiffs intended to move for leave to amend the original Complaint by August 21, 2025. Dkt. 42. In the meantime, counsel for Defendants met and conferred with Ms. Vatrenko on at least two occasions to explain the factual issues in the Complaint. Dkt. 48-1 ¶ 2 ("On May 22, 2025, I met and conferred with Ievgeniia Vatrenko, counsel for Plaintiffs, to discuss Defendants' Rule 11(c)(2) notice communications previously sent to Plaintiffs' prior counsel, Loeb & Loeb LLP."); *id.* ¶ 4 ("Ms. Vatrenko and I conferred again on July 14, 2025 regarding the Proposed Amended Complaint and the results of Ms. Vatrenko's ongoing investigation."). Ms. Vatrenko did not file Plaintiffs' motion for leave to amend until December 20, 2025—nearly 150 days after telling the Court it was coming, and nearly thirteen months after Defendants first put Plaintiffs on notice of the false statements. Dkt. 57.

Defendants served on Plaintffs' current and prior counsel a Rule 11 notice on June 12, 2026, addressed to the amended pleading, and further demonstrable falsehoods and perjury in Plaintiffs' subsequent filings. *See, e.g.*, Dkt. 62 (declaration from Alex Feldman with supporting exhibits that directly contradict the declaration submitted by Nerayoff). Only then, after first

seeking leave to file on June 23, 2026, Dkt. 65, did Ms. Vatrenko file a Motion to Withdraw as Attorney on July 2, 2026, Dkt. 68.

**ARGUMENT**

**I.    COUNSEL'S MOTION TO WITHDRAW SHOULD BE DENIED UNTIL REPLACEMENT COUNSEL IS IN PLACE**

"When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Yuan v. & Hair Lounge Inc.*, 2023 WL 3004884, at *1 (S.D.N.Y. Jan. 23, 2023). In determining the impact of the withdrawal, "the Court may take account of the immediacy and degree of potential harm-whether to the client, the lawyer or the judicial system-from the continuation of the representation." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014). Ms. Vatrenko offers no satisfactory reason for withdrawal and any withdrawal at this stage without ensuring a replacement would unduly prejudice the Parties.

**A.    Counsel Offers No Satisfactory Reasons For Withdrawing**

While "[t]here is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal," "there is an important reason *not* to permit counsel's withdrawal here: namely, [Plaintiff SDN Limited] cannot continue in the case without counsel." *Aurora Loan Servs. LLC v. Wider*, 2012 WL 13239722, at *2-*3 (E.D.N.Y. Nov. 13, 2012). Further, the fact that Plaintiffs do not consent to counsel's request to withdraw "makes [Ms. Vatrenko's] case for withdrawal even weaker" and should "strengthen the court's decision to deny counsel's motion to withdraw." *United States v. Ashburn*, 2015 WL 2179794, at *11 (E.D.N.Y. May 8, 2015). In light of these facts, Ms. Vatrenko cannot present satisfactory grounds for withdrawing until replacement counsel is identified.

*First*, as Ms. Vatrenko recognizes, an attorney can withdraw based on her client's non-payment of fees only if the client "deliberately disregards" the obligation. Dkt. 68-2 at 3. "Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006). However, Ms. Vatrenko provides no evidence of Plaintiffs' deliberate disregard. While "Plaintiffs have failed to maintain [her] retainer," Dkt. 68-1 ¶ 2, "the exhaustion of a retainer is not evidence of a deliberate violation." *Parker*, 439 F.3d at 104. In light of Ms. Vatrenko's admission that her "decision to withdraw . . . is not continent on payment," Dkt. 68-1 ¶ 10, Plaintiffs' non-payment of outstanding fees is not a sufficient basis for her withdrawal. *See Allstate Ins. Co. v. Spina*, 2020 WL 7753266, at *2 (S.D.N.Y. July 27, 2020) (denying withdrawal because counsel "has not presented a sufficient showing of something 'more' beyond anticipated nonpayment of legal fees"); *Constance v. Pepsi-Cola Bottling Co. of New York*, 2005 WL 8157059, at *2 (E.D.N.Y. Apr. 7, 2005) (denying motion to withdraw due to non-payment because there was "indication that he intends to make payment and wishes to continue his relationship with [counsel]").

*Second*, Ms. Vatrenko argues that the "[w]ithdrawal is independently warranted because the attorney-client relationship has broken down." Dkt. 68-2 at 4. But, a breakdown of the attorney-client relationship, as Ms. Vatrenko's own cases recognize, refers to instances like "serious disagreements over litigation strategy," a plaintiff's "fail[ure] to cooperate in the litigation process," or a "lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff." *City Merch. Inc. v. Tian Tian Trading Inc.*, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (cited by Ms. Vatrenko at Dkt. 68-2 at 4). Ms. Vatrenko does not indicate that Plaintiffs were refusing to communicate or that Plaintiffs were advocating for a litigation strategy that counsel disagreed with. Nor does Ms. Vatrenko provide

any specific incidents or factual details to support her allegation that she could not trust the attorney-client relationship. At most, she argues that she no longer trusts Plaintiffs because of their "unmet assurances of payment." Dkt. 68-2 at 4. But this does not amount to a breakdown in the attorney-client relationship that warrants withdrawal. *Goolden v. Wardak*, 2025 WL 2371539, at *4 (S.D.N.Y. Aug. 15, 2025) (denying motion to withdraw where the alleged "irreconcilable conflict does not concern a lack of communication by Plaintiff or disagreement over legal strategy" but rather a disagreement over attorney's fees).

*Finally,* without any supporting authority, counsel argues that "a conflict of interest independently supports withdrawal." Dkt. 68-2 at 4-5. But, the filing of a Rule 11 motion for alleging false statements in the Amended Complaint and related affidavits does not create a per se conflict of interest between counsel and Plaintiffs that warrants withdrawal.[2] *See Yuan v. & Hair Lounge Inc.*, 2023 WL 3004884, at *1 (S.D.N.Y. Jan. 23, 2023) (denying withdrawal because, in part, there was a pending sanctions motion against counsel); *James v. Enter. Ass'n of Steamfitters Loc. 638*, 2009 WL 10706010, at *2 (E.D.N.Y. Nov. 23, 2009) (denying motion to withdraw when the "record reflects that counsel has had ample time over the course of his representation to investigate the claims and to evaluate the strength of plaintiff's case under Rule 11"); *cf. United States v. Polanco*, 2013 WL 5126661, at *5 (E.D.N.Y. Sept. 12, 2013) ("the mere existence of the grievance is not dispositive" to warrant substituting counsel and the court should "pay[] particular attention to any conflict of interest the grievance might create" ); *Mintz Fraade L. Firm, P.C. v. Brady*, 2021 WL 1759003, at *4 (S.D.N.Y. May 4, 2021) (granting the motion to withdraw only

---

[2]  Additionally, "the existence of a fee dispute and an attorney's motion to withdraw for that reason do not without more constitute a conflict of interest." *Cf. United States v. O'Neil*, 118 F.3d 65, 72 (2d Cir. 1997); *see also supra* page 6.

after the motion for sanctions was resolved). If such a position was true, counsel would attempt to run any time they were asked to answer for their statements.

By taking the position that, in light of the Rule 11 motion, counsel is unable to continue to zealously advocate for Plaintiffs, counsel has inherently admitted that she and Plaintiffs are at a crossroads on how to proceed—her likely wishing to correct the false statements and Plaintiffs not.[3] *See* Dkt. 68-2 (the Rule 11 motion creates a "divergence [that] materially limits the undersigned's ability to render the detached, undivided advice the representation requires"). In that context—if the conflict is that counsel wishes to withdraw false statements by the Plaintiffs but Plaintiffs refuse—then Plaintiffs' offer to "increase[] payment if [counsel] would defer" withdrawing can only be understood as an attempt to pay counsel more money to continue to propagate lies. Dkt. 68-1 at 3. But, even if the conflict is a divergence on whether to withdraw false statements, "seeking to be relieved as counsel is not 'withdraw[ing]' or 'correct[ing]' the improper pleading or filing signed by the attorney." *Weiss v. Yotta Techs., Inc.*, 2024 WL 4285849, at \*3 (S.D.N.Y. Sept. 25, 2024); *Heaston v. City of New York*, 2022 WL 2106267, at \*9 (E.D.N.Y. June 10, 2022) ("[T]he purpose of the safe-harbor period ... is to allow the targets of sanctions to withdraw or correct [the improper filing], ***not simply withdraw from the case and wash their hands of the matter***." (emphasis added)). Counsel would still be liable for the false statements she perpetuated and is bound to correct them or bear the consequences. Accordingly, counsel and Plaintiffs' interests remain aligned.[4]

---

[3] If, instead, counsel's argument is that continuing to represent Plaintiffs will cause her to violate the Code of Professionally Responsibility and possibly subject her to additional sanctions, she should clearly state the basis for that belief.

[4] To the extent that counsel is worried about her personal liability, she has apparently taken measures to protect herself. Counsel initially appeared to represent Plaintiffs in her personal capacity as Ievgeniia P. Vatrenko, Esq. Dkt. 39. After being served with the Rule 11 Notice, and before seeking leave to withdraw as counsel, counsel filed a notice of change of attorney

**B.      Withdrawal Will Disrupt The Proceedings And Prejudice The Parties**

"[C]ompelling circumstances," such as "the lengthy history of [a] litigation" and prior withdrawal motions "support the denial of [counsel's] withdrawal motion." *Yuan v. & Hair Lounge Inc.*, 2023 WL 3004884, at *1 (S.D.N.Y. Jan. 23, 2023); *see also S.E.C. v. Great Am. Techs., Inc.*, 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009) (denying withdrawal based on the "protracted history of th[e] litigation" and the fact that a "prior motion for withdrawal already [was] granted" to prior counsel) (quoting *Mario Valente Collezioni, Ltd. v. Semeraro*, 2004 WL 1057790 (S.D.N.Y. May 10, 2004)).  Both grounds are present here.

*First*, a motion to withdraw as counsel must be denied if "litigation delay . . . would occur if the firm were permitted to withdraw." *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996); *see Bruce Lee Enters., LLC v. A.V.E.L.A., In*c., 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014) (declining to discharge counsel when the "case has a lengthy history of litigation").  This litigation was initiated by Plaintiffs over two years ago on May 3, 2024 in New York Supreme Court and removed to federal court by Defendants in August 2024.  Dkt. 1 at ¶ 1.  On November 26, 2024, Defendants served Loeb & Loeb with a Rule 11 letter and Notice of Motion.  *See generally* Dkt. 22-1.  Since then, the parties have been at a standstill—Plaintiffs' only attempt to further this action was by seeking leave to file an Amended Complaint (Dkt. 58-1), which remains pending.  Allowing this action to roll into its third year where Plaintiffs are represented by a third set of counsel will have a material adverse effect on the efficient adjudication of *all* the Parties' interests.  *James*, 2009 WL 10706010, at *2 (denying plaintiff's counsel's motion to withdraw because "[d]efendant should not be subjected to any further delays in this case").

---

information stating that she changed her professional entity to a professional corporation under the name of Vatrenko Law P.C.  Dkt. 67.  However, to be sure, counsel's misconduct to date was not committed under the shield of a professional corporation entity.

Furthermore, allowing Plaintiffs' counsel to withdraw now and continuing to delay resolution of this matter "would create a significant possibility of prejudice . . . to the defendants." *Lemonier, Inc. v. Sojuzplodoimport, PepsiCo, Inc.*, 1990 WL 116760, at \*1 (S.D.N.Y. Aug. 3, 1990). Defendants are facing accusations on the basis of demonstrably false allegations that have caused two sets of counsel to seek to withdraw once challenged. *See S.E.C. v. Smith*, 798 F. Supp. 2d 412, 430 (N.D.N.Y. 2011) ("false statement[s], left uncorrected . . . unnecessarily extended and complicated" litigation harming the opposing party). "[I]t is a serious matter to accuse a person or company of committing fraud, and the mere accusation often causes harm." *U.S. ex rel. Polansky v. Pfizer, Inc.,* 2009 WL 1456582, at \*9 (E.D.N.Y. May 22, 2009). Further, the Parties agreed that any dispute relating to the ECA and the token sale would be resolved in binding arbitration in Gibraltar. *See* Dkt. 47 at 9-18. The longer this matter languishes in this district, the more Defendants suffer from a violation of their contractual rights.

Plaintiffs' counsel does not address the prejudice Defendants face. Instead, counsel only argues that "[w]ithdrawal can . . . be accomplished without material adverse effect *on Plaintiffs' interests*" because "'[C]ourts often grant withdrawal when a case is not yet trial ready.'" Dkt. 68-2 (purportedly quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010)). However, neither that quote—nor any similar proposition—can be found in *Stair.* Rather, the court in *Stair* allowed the attorney to withdraw after promptly litigating multiple rounds of motions to dismiss and filing amended complaints. 722 F. Supp. 2d at 263, 265. Critically, in *Stair*, there had not been prior requests to withdraw causing extended delay. Indeed, it is "too easy for a [party] to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees." *Rophaiel*, 1996 WL 306457, at \*2. Such delays cannot be allowed. Ms. Vatrenko's withdrawal would necessarily lead to further delays in the completion of this case. *See Great Am. Techs.,* 2009 WL

4885153, at *5 (denying motion to withdraw when counsel's "withdrawal would necessarily lead to further delays in the completion of this case").

*Second,* when Ms. Vatrenko signed on to represent Plaintiffs, she knew that Plaintiffs' prior counsel had withdrawn. She also knew that the withdrawal was the result of service of a Rule 11 motion for misstatements in the Complaint. Ms. Vatrenko "entered the engagement with eyes wide open. [Her] withdrawal would prejudice [her] client[s], [the opposing party], and the administration of justice." *Id.* at *5 (awarding sanctions against defendant and denying defendant's counsel's motion to withdraw when counsel "knew that [defendant's] prior counsel had withdrawn" and "knew also that [defendant] had not complied with its discovery obligations" prior to accepting the engagement). Ms. Vatrenko's motion to withdraw should accordingly be denied. *See Aurora Loan Servs. LLC,* 2012 WL 13239722, at *3 (denying motion to withdraw after prior counsel was already replaced because "permitting a constant rotation of counsel" would "negatively impact the prosecution of the suit").

### C.     Courts Condition Withdrawal On Securing Substitute Representation In Similar Circumstances

From its inception, this case has been marked by Plaintiffs' delay in prosecuting the action. Ms. Vatrenko's withdrawal and request for a 30-day stay further delays Defendants' Motion for Sanctions and the prosecution of this action. The Court should "require[] substitute representation before withdrawal is permitted." *Aurora Loan*, 2012 WL 13239722, at *3; *S.E.C. v. Pentagon Cap. Mgmt. PLC*, 2012 WL 3065981, at *3 (S.D.N.Y. July 25, 2012) (collecting cases) ("[a]lthough the failure to pay legal fees may be a proper ground for seeking withdrawal . . . this Court is unwilling to relieve counsel without ensuring that Defendants are represented"); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2025 WL 449545, at *2 (S.D.N.Y. Jan. 29, 2025) (requiring that

10

defendant "retain new counsel as soon as possible" before it would fully grant defense counsel's motion to withdraw).

Requiring substitute counsel is warranted because "[i]t is up to the law firm to make certain that its representation is proper before it appears.  The firm may not simply check into a case and then, when it chooses, check out."  *Orsini v. Albany Taxi, Inc.*, 1991 WL 156379, at *1 (S.D.N.Y. Aug. 8, 1991) ("Unless and until substitute counsel is secured . . ., Cally & Cally will continue to represent [the third-party defendant]").  Requiring the appearance of substitute counsel is especially appropriate when there is a "protracted history of th[e] litigation" that "furthers the Court's interest in advancing th[e] matter to resolution," and where there is a corporate entity which cannot proceed pro se.  *Patsy's Brand*, 2025 WL 449545, at *2.  As SDN Limited cannot proceed pro se, this case has already experienced unnecessary delays in prosecution, and there are anticipated challenges to Plaintiffs retaining a third set of counsel, especially in light of the pending Rule 11 motion against their prior counsel and allegations of non-payment, Ms. Vatrenko should be ordered to remain as counsel until substitute counsel appears.

## II.     THE COURT SHOULD RETAIN JURISDICTION OVER COUNSEL FOR SANCTIONS

Defendants filed their letter for a pre-motion conference concerning their anticipated motion for sanctions on July 10, 2026.  *See* Dkt. 69.  This was after Defendants delayed filing the substantively same motion against prior counsel Loeb & Loeb in order to allow replacement counsel the opportunity to correct the false statements in the Complaint.  However, Ms. Vatrenko never did so.  Ms. Vatrenko is thus responsible for the positions taken by Loeb as well as the false statements in the Amended Complaint and supporting declarations she filed.  *See, e.g.*, *Boca View Condo. Ass'n, Inc. v. Lepselter*, 2023 WL 7101222, at *2 (S.D. Fla. Oct. 27, 2023) (finding that

11

replacement counsel may be held responsible for positions taken by initial counsel where replacement counsel continues to advocate those positions).

Accordingly, even if the Court grants counsel's motion to withdraw, the Court should retain jurisdiction over Ms. Vatrenko for purposes of Defendants' motion for sanctions. "[A]n attorney's withdrawal from a case does not prevent the imposition of Rule 11 sanctions for papers filed prior to the withdrawal." *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2003 WL 22227956, at *7 (S.D.N.Y. Sept. 26, 2003) (retaining jurisdiction and later sanctioning counsel who had previously withdrawn due to filing frivolous claim).

Retaining jurisdiction over counsel is particularly necessary in the event that, in response to this brief, counsel doubles down and continues to maintain that the Amended Complaint she filed has no false statements, in the face of all the evidence to the contrary.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny counsel's motion or in the alternative condition it on the retention and appearance of substitute counsel. The Court should also retain jurisdiction over counsel for purposes of Defendants' motion for sanctions.

DATED:  July 13, 2026

By  */s/ Mario O. Gazzola*

Michael B. Carlinsky
Mario O. Gazzola
295 Fifth Avenue
New York, New York 10016
michaelcarlinsky@quinnemanuel.com
mariogazzola@quinnemanuel.com
212-849-7000

*Attorneys for Defendants*
*IOV Labs Limited, RIF Labs Limited, and*
*RSK Labs Limited*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Mario O. Gazzola, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 3,951 words as calculated by the application's word counting function, excluding the parts of the Memorandum of Law exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury the foregoing statements are true and correct. Executed on this 13th day of July, 2026 in New York, New York.

*/s/ Mario O. Gazzola*
Mario O. Gazzola